[S. F. No. 807.    Department One.—February 21, 1899.]

ANGLO-NEVADA ASSURANCE CORPORATION, Plaintiff; J. F. BIGELOW, Substituted Plaintiff and Respondent, v. WILLIAM ROSS, Appellant.

NEW TRIAL—IRREGULAR MOTION—RES ADJUDICATA.—An irregular motion for a new trial made without notice, and without statutory authority therefor, and which was at best the calling of the court's attention to what it might do of its own motion in setting aside the verdict under section 662 of the Code of Civil Procedure, is merely nugatory, and is not *res adjudicata* to prevent the hearing of a regular motion for new trial made upon the statutory grounds therefor.

ID.—CONDITIONAL ORDER GRANTING NEW TRIAL.—A condition that plaintiffs pay a certain amount.as costs, attached to an order granting a new trial, cannot be complained of by the defendant, nor does it indicate that the act of the court in granting the new trial was erroneous.

ID.—REVIEW UPON APPEAL—INSUFFICIENCY OF EVIDENCE.—An order granting a new trial will not be disturbed, where one of the grounds of the motion is insufficiency of the evidence to justify the verdict, if it cannot be said that the court abused its discretion in granting the motion on that ground.

APPEAL from an order of the Superior Court of the City and County of San Francisco, granting a new trial. John Hunt, Judge.

The facts are stated in the opinion.

George W. Towle, Jr., for Appellant.

R. H. Countryman, for Respondent.

GRAY, C.—This is an appeal from an order granting plaintiff's motion for a new trial.

The action is based on a promissory note. On the trial the jury returned a verdict in favor of defendant and was discharged.

Thereupon, without notice, counsel for plaintiffs moved the court to vacate and set aside said verdict and to grant a new trial in said action, upon the ground that there had been such a plain disregard by the jury of the evidence in the case as to satisfy said court that said verdict was rendered under the influence of passion and prejudice, and upon the further ground that there had been such a plain disregard by the jury of the instructions of the court as to satisfy the court that the verdict was rendered under a misapprehension of such instructions. The court denied this motion, and thereafter the plaintiffs served notice of intention to move for a new trial on the grounds of insufficiency of evidence, that the verdict is against law, and for errors of law occurring at the trial. The court made an order granting this motion upon the payment by plaintiffs of the sum of seventy-six dollars and fifty cents, costs. I think the first motion of defendant for a new trial was made without any express authority therefor to be found in the statutes, and should be treated as nugatory, or at best as merely calling the attention of the court to the right existing under section 662 of the Code of Civil Procedure to order a new trial on the court's own motion. It will be observed that the grounds mentioned in the first motion of plaintiff for a new trial are those contained in said section, that no preliminary notice of intention had been served, and that none of the grounds for a new trial contained in section 657 of the Code of Civil Procedure are mentioned in such motion. So that really the only motion for a new trial authorized by the Code of Civil Procedure that the plaintiffs made was their last motion, which was based on the grounds mentioned in section 657 of said code, and conformed to the other provisions of the code respecting motions for a new trial. Defendant's objection, therefore, that the court's action on the first motion was *res judicata* and brings the case within the rules laid down in *Egan v. Egan,* 90 Cal. 15, and *Thorne v. Finn,* 69 Cal. 251, is deemed to be not well taken.

The condition that plaintiffs pay a certain amount as costs, attached to the order granting a new trial, is not a thing of which the defendant can be heard to complain, because it is not a condition imposed upon him, nor can it be said to show in any way that the act of the court in granting a new trial was erroneous. (*Brooks v. San Francisco etc. Ry. Co.,* 110 Cal. 173.)

The disposition of a motion for a new trial on the ground of insufficiency of the evidence to sustain the verdict is a matter which rests in the sound discretion of the trial court, and this court has universally refused to interfere except where it manifestly appears that such discretion has been abused. One of the grounds of the motion for a new trial being the insufficiency of the evidence to justify the verdict, I cannot say, after an examination of the evidence, that the court did not act within the limits of its discretion in granting a new trial.

I therefore advise that the order appealed from be affirmed.

Haynes, C., Britt, C., and Pringle, C., concurred.

*For the reasons given in the foregoing opinion the order appealed from is affirmed.*

Van Dyke, J., Garoutte, J., Harrison, J.