[L. A. No. 472.   Department Two.—April 6, 1900.]

## PEARL MIZENER, Respondent, v. SIMONA M. BRADBURY, et al., Appellants.

NEW TRIAL—ORDER BY COURT OF ITS OWN MOTION—LIMITATION OF TIME—QUERY.—The question raised, but not decided, whether the time within which the superior court can set aside the verdict and grant a new trial of its own motion, for plain disregard of the instructions and the evidence, under section 662 of the Code of Civil Procedure, is limited to that allowed the losing party in which to give notice of intention to move for a new trial, or whether the court may act at any time before judgment is entered upon the verdict.

ID.—DISREGARD OF INSTRUCTIONS OR EVIDENCE MUST BE GROSS.—In order to justify the action of the court in setting aside the verdict of the jury and ordering a new trial of its own motion, it must be made to appear that the jury plainly, palpably, and grossly disregarded either the instructions or the evidence; and

if such gross disregard does not appear, the aggrieved party should be left to his remedy under a motion for a new trial, and the order of the court made of its own motion should be reversed.

Id.—Action for Personal Injury—Holes for Trees in Sidewalk—Authority of Gardener—Evidence and Instruction—Disregard by Jury not Gross.—In an action for personal injury from holes for trees dug in a sidewalk by defendant's gardener, in which the verdict was for the defendant, and there was evidence that the gardener acted directly under authority of a boy of thirteen, in the absence of his mother, the defendant, and without her knowledge, direction, or consent, and that the gardener was not permitted during her presence to plant or remove trees without her authority, though he had discretion in other respects, and acted as he thought best during her absence, it cannot be said that the jury grossly disregarded clear and palpable proof that the gardener acted under defendant's authority, or that they grossly disregarded an instruction that the mother was not responsible for the torts of the child, and that if the boy caused the excavation, and defendant did not authorize it, or know of its existence until after the injury, their verdict should be for the defendant. The court should not, in such case, set aside the verdict of its own motion.

APPEAL from an order of the Superior Court of Los Angeles County granting a new trial of its own motion. Lucien Shaw, Judge.

The facts are stated in the opinion.

Bicknell, Gibson & Trask, for Appellants.

The gardener, in digging the post holes in the sidewalk, stepped outside the scope of his employment, and his unauthorized act could not bind the defendant. (2 Thompson on Negligence, 885, 886; *Stephenson v. Southern Pac. Co.*, 93 Cal. 558; 27 Am. St. Rep. 223.) A parent is not responsible for the torts caused by a child. (Civ. Code, sec. 41; *Hagerty v. Powers*, 66 Cal. 368; 56 Am. Rep. 101; *Maddox v. Brown*, 71 Me. 432; 36 Am. Rep. 336; *Baker v. Haldeman*, 24 Mo. 219; 69 Am. Dec. 430; *Paul v. Hummel*, 43 Mo. 121; 97 Am. Dec. 381.) The court had no power to set aside the verdict of its own motion after the lapse of time in which a motion could be made by the losing party. (Hayne on New Trial, sec. 10; *Townley v. Adams*, 118 Cal. 382; *Gould v. Duluth Elevator Co.*, 2 N. Dak. 216; *Clement v. Barnes*, 6 S. Dak. 483; *Flugel v. Henschel*, 6 N. Dak. 205.)

Wilson & Bulla, and C. K. Bonestell, for Respondent.

The court's power to set aside the verdict of its own motion certainly ought to continue until judgment is entered on the verdict. (*Montgomery v. Sayre*, 91 Cal. 206; *Anglo-Nevada Assur. Corp. v. Ross*, 123 Cal. 520; *Fisher v. Hestenville etc. R. R. Co.*, 185 Pa. St. 602; *Ellis v. Ginsburg*, 163 Mass. 143.) The case falls within the rule of *Townley v. Adams*, 118 Cal. 382. The gardener was clearly acting within the scope of his employment and in the interest of his employer, and she is responsible. (*Cosgrove v. Ogden*, 49 N. Y. 255; 10 Am. Rep. 361; *Quinn v. Power*, 87 N. Y. 535; 41 Am. Rep. 392; *Keep v. Walsh*, 44 N. Y. Supp. 944; 17 N. Y. App. Div. 104; *Reinke v. Bentley*, 90 Wis. 457; *Voegeli v. Pickel etc. Co.*, 49 Mo. App. 643; *Pittsburg etc. Ry. Co. v. Kirk*, 102 Ind. 399; 52 Am. Rep. 675; *Evans v. Davidson*, 53 Md. 245; 36 Am. Rep. 400.) The discretion given to the gardener during the absence of the defendant was implied authority to do the acts complained of. (*Oxford v. Peter*, 28 Ill. 434.) Previous authority given to him to plant trees on the sidewalk gave him implied authority in the absence of the defendant. (*Harlow v. Humiston*, 6 Cow. 189; *Gilmartin v. Mayor etc. of New York*, 55 Barb. 239.) The mother having allowed her minor child to direct during her absence, she is responsible for his direction. (*Lamb v. Davidson*, 69 Mo. App. 107; *Schaefer v. Osterbrink*, 67 Wis. 495; 58 Am. Rep. 875.) At all events, the act being within the scope of the gardener's authority, the intervention of the boy cannot relieve the defendant. (*Althorf v. Wolfe*, 22 N. Y. 355; *Meade v. Chicago etc. Ry. Co.*, 68 Mo. App. 92; *Wellman v. Miner*, 19 Misc. Rep. 644; 44 N. Y. Supp. 417; *Andrews v. Boedecker*, 126 Ill. 605; 9 Am. St. Rep. 649.)

CHIPMAN, C.—Action for personal injury. Trial by a jury and verdict for defendant. The court subsequently, on its own motion, made an order setting aside the verdict and granting a new trial, from which plaintiff appeals. The action was brought against Simona Bradbury individually and against her and two others as trustees under the will of L. L. Bradbury, deceased, the husband of Simona. At the trial a dismissal was entered as to the trustees.

The verdict was rendered on the twenty-third day of June, 1897, and an order was made granting a stay of proceedings until the further order of the court. Subsequently, on July 21, 1897, the court on its own motion, in the absence of the parties, made the following order: "There having been such plain disregard by the jury of the instructions of the court and the evidence in this case as to satisfy the court that the verdict herein was rendered under a misapprehension of the instructions of the court, it is therefore ordered by the court, of its own motion, that the verdict heretofore rendered herein be set aside, and that a new trial be granted." The order was made under the power given by section 662 of the Code of Civil Procedure, and appellant contends that it was made after the time for notice of a motion for a new trial had expired and the court had no power to make the order. Appellant contends that to hold that the court may delay its action, as in this case, would authorize it to grant a new trial after the defeated party had lost the right under the statute to ask for a new trial, and that if the court may grant a new trial on its own motion one month after verdict, it may do so five or any number of months thereafter; and this, it is urged, cannot be the law; that the court must act immediately upon the coming in of the verdict. Respondent contends that the court may act at any time before judgment is entered upon the verdict. Appellant cites Hayne on New Trial and Appeal, sec. 10; *Gould v. Duluth Elevator Co.*, 2 N. Dak. 216; *Flugel v. Henschel*, 6 N. Dak. 205; *Clement v. Barnes*, 6 S. Dak. 483. The Dakota cases fully support appellant's contention and were decided under a statute identical with our section 662, and under general provisions regulating new trials in most respects similar to those in our code. Mr. Hayne in his work takes the same view. The question of practice is an interesting and important one, but as it is not likely to often arise, and as its decision is not necessary to a proper disposition of the appeal, we express no opinion upon the point.

Upon the remaining question the inquiry here is the same as was in *Townley v. Adams*, 118 Cal. 382: 1. Whether there was a plain and palpable disregard by the jury of the evidence; and 2. Whether there was a plain and palpable disregard by the jury of the instructions, and whether this disregard was such as

"to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice." The distinction existing between the right of a court to set aside a verdict and grant a new trial upon application of a party, and the right to act upon its own motion under section 662, is very clearly stated in *Townley v. Adams, supra.* It was there said: "Where the court of its own motion sets aside the verdict of the jury, it must be made to appear that the jury plainly, palpably, grossly, disregarded either the evidence or the instructions of the court." Guided by this view of the statute, we can see no ground upon which the order in the present case can be sustained, for, as in the case cited, it seems to us "quite apparent that such gross disregard has not been shown to exist."

The written opinion of the court in support of its order is printed in the transcript. From it and from the statements of counsel for both parties it appears that the order is based upon an alleged misapprehension by the jury of the following instruction given by the court: "The mother of the child is not responsible for the torts of such child, and if you find from such evidence that Lewis L. Bradbury caused the excavation to be made into which the plaintiff stepped, as alleged by her, and that defendant Simona M. Bradbury did not authorize such excavation to be made, and did not know of its existence until after the injury, then your verdict should be for the defendant." In the opinion referred to the court said: "This is the correct rule of law, but I have no doubt that the jury was misled by it, and that they did not attach due importance to the qualifying words, 'and was not authorized by her.'" Defendant occupied the premises situated on Court street, Los Angeles, of which she was part owner in her own right; no question arises as to her control of the household and servants there employed. During her absence, and without her knowledge or direction or consent, her gardener dug three holes in the sidewalk, near the curb, on Court street, for the purpose of planting orange trees therein; he was directed to do this by defendant's son Lewis, a boy then aged thirteen years; no other direct authority was given the gardener; these holes were left open for about a week; on the night of the accident plaintiff, with

some friends, passed along the sidewalk to a driveway leading into defendant's premises where they halted a moment, one of the party desiring to cross the street at that point to her home; they walked along this driveway to a point near the curb where this lady left the others, and plaintiff, turning to go to her home, stepped into one of these holes and was injured; no question is raised as to any fault on her part, and the evidence bearing upon her contributory negligence need not be noticed.

The evidence as to the gardener's authority to have this particular work done is indirect and inferential, while it appears by the uncontradicted testimony of the witnesses that his only direct authority came solely from defendant's minor son. He testified, being when he testified sixteen years old: "I told the gardener to make them [the holes]. I concluded I wanted some trees planted there. I had no consultation with my mother about it. I did it of my own volition, acting independent of her. I had no authority from my mother to direct the gardener. . . . . I was not managing the place in my mother's absence. . . . . My mother never suggested such a thing. The gardener suggested the idea himself, and I acted on his suggestion and gave him the authority to do it." The gardener was not called as a witness.

The witness Houston, defendant's coachman, testified that the gardener, Herman Frantz, dug the holes; that Frantz had been working for defendant for some time, but he, witness, had no "supervision over him at all." Speaking for himself, he testified that he occasionally transplanted trees in the garden; that he did anything that was required of him. "When Mrs. Bradbury was away I suppose some of the family were in charge of the home—Mrs. Winston [defendant's daughter], or some of the rest. I do not know who was in charge during the month of October, 1894, when Mrs. Bradbury was away. . . . . Mrs. Winston was there. The young ladies were there and the youngest boy. . . . . I did what any one of them told me to do." Mrs. Bradbury [defendant] testified: "I knew nothing of the excavations that have been referred to in this case because I was away. I did not authorize anybody to make them, and did not know that they were made. No one on the premises had any authority to make them in my behalf." She further testified

that trees had been set out on the sidewalk in her husband's lifetime, while Frantz was in their employ; that she did not allow Frantz to do whatever he pleased; when at home he did not do anything except by her direction; "sometimes he does a good many things without saying anything to me. I do not know why he planted the trees in the sidewalk where Miss Mizener was injured. He did it without my consent; as I said, I was in San Francisco. The holes were dug after I went away and before I returned. His duties were to plant different plants and trim the grass"; that he needed no permission to transplant a rose bush from one part of the garden to another; "I would sometimes allow him to take up a tree from one part of the garden and carry it to another part of the garden, and sometimes not. I did not submit to his judgment in matters of that kind. When I was not present he did whatever he thought best. . . . . He worked while I was gone, and did whatever he thought advisable to do—whatever he thought best." This is substantially all the evidence bearing upon the question of the gardener's authority. The court, not only in the instruction quoted but in others, referred to the liability of defendant for the wrongful or negligent act of the servant committed while in the master's service and within the scope of his employment, so that it cannot be said that the jury were uninstructed on the subject. It may be that if the jury had thought the evidence sufficient to justify them in finding that the gardener had authority from defendant to dig these holes, and the court had refused defendant a new trial, we could not, under the rule as to the sufficiency of the evidence to support the verdict, interfere. But it by no means follows that the evidence plainly and palpably showed that the gardener had authority, and that therefore the jury grossly disregarded both the evidence and the instructions of the court. We do not wish to be understood as intimating whether the court would or would not be authorized to grant a new trial upon the showing made, for no such question is presented. We hold only that it is not shown that the jury plainly, palpably, grossly disregarded the instructions given; and it is not shown that the jury in like manner so disregarded the evidence as to indicate that their verdict was rendered under the influence of passion or prejudice. Under the

circumstances disclosed by the record we think the aggrieved party should have been left to his remedy under a motion for a new trial, and therefore advise that the order be reversed.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the order is reversed.          McFarland, J., Henshaw, J., Temple, J.

Hearing in Bank denied.