[Sac. No. 1047.    Department Two.—April 13, 1904.]

## JAKE EADES, Respondent, v. E. S. TROWBRIDGE, and CLAUDE BROWN, Appellants.

NEW TRIAL—POWER OF COURT TO SET ASIDE VERDICT SUA SPONTE—CONSTRUCTION OF CODE.—Under section 662 of the Code of Civil Procedure, authorizing the court to set aside the verdict of the jury and to grant a new trial of its own motion, where there has been "a plain disregard by the jury of the instructions of the court or the evidence in the case," the rule can only apply where the jury plainly, palpably, and grossly disregarded the instructions or the evidence in the case.

ID.—IMPROPER ORDER.—An order of the court *sua sponte* setting aside the verdict merely on the ground stated, that "the verdict is in violation of the instructions and contrary to the evidence," without any showing of a "plain disregard of the instructions, or of the evidence," or that the verdict was rendered "under the influence of passion or prejudice," is improper, and must be reversed where it is not plain and obvious that the jury disregarded any instruction, but it appears that there was sufficient evidence to entitle the jury to pass upon the question submitted to it.

ID.—CONDITIONAL INSTRUCTION NOT DISREGARDED.—An instruction to the jury that if they believe from the evidence that certain facts exist they should find a certain way is not a positive instruction to find that way; and in any case where the court leaves the jury a free agent to find a fact one way or the other, the jury do not palpably disregard the instructions of the court, within the meaning of section 662, by their verdict either way.

ID.—APPEAL FROM ORDER SETTING ASIDE VERDICT—EFFECT—REVERSAL.—Where the court made an order merely setting aside the verdict, but not expressly granting a new trial in terms, though such is its legal effect, an appeal may be taken from the order as made, and the appeal will be deemed to have the same legal effect, and to bring up for review the order impliedly granting a new trial. The

reversal of such order leaves the verdict to stand as it came from the jury, upon which judgment should be entered, leaving the verdict and judgment to be assailed in a legal manner, as the statute requires.

APPEAL from an order of the Superior Court of Modoc County setting aside a verdict. J. W. Harrington, Judge.

The facts are stated in the opinion.

Spencer & Raker, C. C. Auble, and Clarence A. Raker, for Appellants.

G. F. Harris, and J. H. Stewart, for Respondent.

COOPER, C.—This action was brought to recover possession of thirteen cows, two yearlings, and three calves, or the value thereof, in case a delivery cannot be had, with damages. The case was tried with a jury, and at the close of the testimony the case was submitted and the jury returned a verdict for defendants. Thereupon the court, in the presence of the jury, on the twenty-third day of March, 1901, on its own motion, made an order vacating and setting aside the verdict, and on the twenty-fifth day of March, 1901, made an order setting the case down for retrial on the thirtieth day of April, 1901. The case comes here on a bill of exceptions for the purpose of reviewing the action of the court below in vacating said verdict.

The trial court is authorized by section 662 of the Code of Civil Procedure to vacate the verdict of the jury and grant a new trial on its own motion, "when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice." The only power conferred upon the court to vacate and set aside a verdict of its own motion is that found in the above-quoted section. In all other cases it must be made upon notice served upon the adverse party within ten days after the verdict. This notice must designate the grounds upon which the motion will be made, and whether the same will be made upon affidavits, the minutes of the court, a bill of exceptions, or a statement of the case. It may be made upon

the grounds, among others, of misconduct of the jury, errors of law, or insufficiency of the evidence. If made upon affidavits, a bill of exceptions, or a statement of the case, the moving party must serve a copy of such affidavits, bill of exceptions, or statement upon the adverse party, who is allowed time to file counter-affidavits, or to propose amendments to the bill of exceptions or statement. If the motion is made on the minutes of the court, where the ground is the insufficiency of the evidence to justify the verdict, the notice of motion must specify the particulars in which the evidence is alleged to be insufficient; or if the ground is errors of law, the notice must specify the particular error upon which the moving party will rely. The motion is brought on for hearing after notice, and after full opportunity to the adverse party to meet the contentions of the moving party. (Code Civ. Proc., secs. 657, 658, 659, 660.) Thus the ordinary and usual method of vacating the verdict of the jury and obtaining a new trial is upon motion and notice as contemplated by the sections last cited. The adverse party is given the right to be heard, which involves the right to get the facts properly before the court, and to aid and assist the court by argument and authority on questions of law. The plan is to allow all parties to be heard before any adverse decision is given, to allow the court full opportunity for deliberation, so that no hasty or inadvertent ruling may be made. The regular machinery provided is designed to apply to each and every case, and furnishes a method whereby the motion may be heard upon its merits for the purpose of doing justice to all and injustice to none. After the above and last-cited sections comes section 662, which contains the quoted clause hereinbefore given, and authorizes the verdict to be vacated by the court of its own motion. This section is an exception to the general plan contemplated by the preceding sections. The court in this case, in setting the verdict aside, did so upon the alleged ground, as stated in its order, that "the verdict is in violation of the instructions and contrary to the evidence."

There is no claim made that the verdict was rendered under the influence of passion or prejudice. Evidently there might arise cases in which the jury plainly disobeyed a positive instruction of the court as to certain issues, as to the amount which could be allowed to a plaintiff or a defendant,

or as to a positive direction to find a certain way upon some issue or other matter; but this case presents no such feature. If the jury were properly instructed as to the law in regard to every theory of the case claimed by either plaintiff or defendant, and their verdict was the result of deliberation, such verdict was not a plain disregard of the instructions, although the judge may have thought the verdict was wrong. In almost any case the judge might think the jury disregarded his instructions if the verdict did not comply with his own view. He might instruct fully as to the credibility of a witness, and the rules of law to be applied in weighing the testimony of such witness, and yet the jury may have believed the witness. The instructions disregarded must be as to some matter, or of such a nature that it is plain that the jury grossly disobeyed the judge. In this case it is not plain and obvious that the jury disregarded the instructions or any instruction of the court. It is not pointed out to us that any positive instruction was disregarded. The judge of the court below in his order only says that the verdict was in violation of the instructions. It is not stated therein that the verdict was rendered as the result of a plain disregard of the instructions. The same reasoning applies to the evidence. A plain disregard of the evidence must be made to appear. This does not mean that the court thinks the verdict not the correct conclusion from the evidence, but it means that the rule should apply only where the jury plainly, palpably, and grossly disregard the evidence. The rule is well stated and fully discussed in *Townley* v. *Adams*, 118 Cal. 382, which was approved and followed in *Mizener* v. *Bradbury*, 128 Cal. 340. It would serve no useful purpose to repeat what has been said in the cases cited. The defendants claim title to the property through a constable's sale under an execution against Andy Eades and Ada Eades his wife, issued upon a judgment in favor of defendant Trowbridge against said Eades and wife. The plaintiff is a brother of Andy Eades, and claims to be the owner of the cattle by reason of a sale and delivery of the cattle prior to the time they were taken by the officer. Defendants claim that there was no immediate delivery and actual and continued change of possession, that there was no consideration for the alleged sale to plaintiff, and that the same was made to hinder, delay, and

defraud creditors. There was certainly sufficient evidence offered by defendants to entitle the jury to pass upon these questions. There is evidence tending tó show that Andy Eades went to Trinity Center, some two hundred and fifty miles, in order to make the transfer to his brother. Plaintiff claimed to have paid Andy Eades two hundred and eighty dollars for the cattle, but his explanation as to where he got the money, why he bought the cattle, and his connection with the matter was such that the jury had the right to pass upon his evidence. And so of the testimony of Andy Eades. His attempt to account for the expenditure of the two hundred and eighty dollars, his reasons for making the sale, the facts as to what was done by way of delivering the cattle, the place where they were, and all acts of control and dominion over them were matters for the jury to consider in drawing their inference as to the truth.

Respondent, in his brief, particularly designates instruction No. 14 as being disregarded by the jury. This instruction was given at plaintiff's request, and by it the jury were instructed that if the evidence shows that the defendants took from the possession of plaintiff three cows particularly described in the instruction, and that said cows were not sold to the defendant at the constable's sale, and that plaintiff was at the time of the commencement of the action the owner of said three cows, then the jury should find for plaintiff as to said three cows. The court, by the instruction, left it for the jury to determine as to the identity of the cows, the taking of them from plaintiff, and as to whether or not the plaintiff was the owner. The instruction was given upon the theory that the jury had the right to pass upon all these questions. To tell the jury that if they believe from the evidence that certain facts exist they should find a certain way, is not a positive instruction to find a certain way. The jury did not disregard the instructions unless they believed from the evidence that the facts and circumstances narrated therein had been proven. How could the judge say what the jury believed from the evidence? Why° did he, by the instruction, leave the jury to find the facts, if in his opinion they would not be justified in finding them except one way only?

It is not necessary to analyze nor discuss the evidence as to the cattle described in the instruction. It is sufficient to

say that in any case where the court by an instruction to the jury leaves the jury a free agent to find a fact one way or the other, the jury do not palpably disregard the instruction of the court, within the meaning of section 662, by doing the very thing the court permitted them to do by the instruction. By what has been said we do not mean to intimate any opinion as to the evidence, or of its sufficiency to support the verdict, if it should be attacked in a manner authorized by law. The judgment, evidently, has not been entered upon the verdict because that was vacated. The effect of this decision is to leave the verdict as it came from the jury. Upon this verdict defendants are entitled to have judgment entered. The plaintiff may have a bill of exceptions settled and appeal from the judgment by proceeding as the statute requires.

Respondent claims that the appeal should be dismissed because it is from the order vacating and setting aside the verdict, and that no appeal lies from such order. The claim is, that the appeal should have been from the order granting a new trial. There was no order which by its express terms granted a new trial, but the effect of the order setting aside the verdict was to grant a new trial. The court and the parties all so understood it. The order subsequently made setting the case down for retrial on April 30th was made on the theory that a new trial had been granted. If the effect of the order setting aside the verdict was not to grant a new trial, it would leave a strange condition of affairs. No judgment could be entered, because there would be no verdict. No further trial could take place, because the court in words had not said so. No appeal could be taken from the order as made, because not appealable; none could be taken from the order granting a new trial, because no such order was made in terms; no appeal could be taken from the judgment, because no judgment could be entered. The parties would be tied up in court where neither of them could proceed. The absurdity of such a condition is an answer to respondent's contention. If the effect of the order was to grant a new trial, the effect of the appeal is to bring up for review the order granting the new trial.

In *Irwin* v. *Towne*, 43 Cal. 23, it was held that the effect of an order of this court simply reversing the order of the

court below denying a motion for a new trial was to grant a new trial as effectually as if the court below had in words made the order granting a new trial.

It is advised that the order be reversed.

Chipman, C., and Gray, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is reversed.

Henshaw, J., Lorigan, J., McFarland, J.