[Civ. No. 443.   First Appellate District.—March 18, 1908.]

## OCCIDENTAL REAL ESTATE COMPANY, Respondent, v. GANTNER & MATTERN (a Corporation), Respondent, and MORRIS LEVY, Appellant.

UNLAWFUL DETAINER—VACATION OF VERDICT FOR DEFENDANT ON COURT'S OWN MOTION.—In an action of unlawful detainer, where it appears that ten months' rent was unpaid, and that the plaintiff was clearly entitled to a verdict for the possession of the premises and for the whole rent due, the court might properly have directed a verdict for the plaintiff, and a verdict for the defendant might properly be set aside by the court on its own-motion under section 662 of the Code of Civil Procedure.

ID.—RECITALS IN SETTLED STATEMENT—REQUEST BY ATTORNEY—ORDER ON COURT'S MOTION—CONCLUSIVENESS.—Where the statement on appeal shows that plaintiff's attorney asked for the order and called the attention of the court to section 662 of the Code of Civil Procedure, and, after stating the verdict, expressly recites that "the court vacated the verdict of its own motion" on both the grounds stated in that section, the recitals are conclusive that the order was made by the court on its own motion, and not on any formal motion by plaintiff's attorney for a new trial.

ID.—GROUNDS STATED—PLAIN DISREGARD OF INSTRUCTIONS AND OF EVIDENCE—APPEAL—ORDER SUSTAINABLE ON EITHER GROUND.—Where both grounds stated in section 662 of the Code of Civil Procedure, namely, such a plain disregard of the jury of the instructions of the court, and such plain disregard of the evidence in the case, as to satisfy the court that the verdict was rendered under a mis-

apprehension of such instructions, or under the influence of pas-
sion or prejudice, were relied upon by the court, its order may be
sustained on appeal if sustainable on either ground.  *Held,* that the
order is sustainable on the ground of such a palpable disregard of
the evidence as to show prejudice on the part of the jury.

ID.—TENDER OF RENT REFUSED NOT KEPT GOOD BY DEPOSIT—REFUSAL
TO PAY RENT ON DEMAND.—Where the tenant tendered the rent
each month in advance to the vendee of the lessor, who refused
the same, but the tenant did not keep the tender good by deposit
thereof in bank to the credit of the lessor, and such tender and
refusal continued for ten months, such grantee was entitled to de-
mand the whole amount of the rent due for the ten months or that
the tenant surrender possession, and upon his failure to make such
payment within three days, the plaintiff is entitled to recover the
premises and the whole rent due.

APPEAL from an order of the Superior Court of the City
and County of San Francisco, setting aside a verdict on its
own motion.   Frank J. Murasky, Judge.

The facts are stated in the opinion of the court.

Devoto & Richardson, for Appellant.

Hillyer, Mann & O'Brien, for Plaintiff, Respondent.

Edmund Tauzsky, for Gantner & Mattern (Corporation),
Respondent.

HALL, J.—This is an action for unlawful detainer, brought
against defendant Morris Levy after default in the payment
of rent and three days' notice in writing demanding its pay-
ment and possession of the premises, under subdivision 2 of
section 1161, Code of Civil Procedure.   Gantner & Mattern (a
corporation) was made defendant because in possession of a
portion of the premises as a subtenant of defendant Levy.

The jury rendered a verdict in favor of defendant and
against plaintiff, which the court at once upon its own mo-
tion vacated, and granted a new trial, and from this order
defendant Levy has appealed to this court.

We say the court upon its own motion vacated the verdict
and granted a new trial advisedly, for although the statement
of the case upon appeal shows that the attorney for the plain-

tiff asked the court to make such order, and called its attention to the provisions of section 662, Code of Civil Procedure, under which such power is granted to the court, the settled statement, after reciting the fact of the rendition of the verdict by the jury in favor of defendant and against plaintiff, concludes as follows: "Thereupon the court vacated the verdict and granted a new trial, on its own motion, on the ground that there had been such a plain disregard by the jury of the instructions of the court and the evidence in the case, as to satisfy the court that the verdict was ordered" (rendered) "under a misapprehension of such instructions under the premises of section 662 of the Code of Civil Procedure of this State." This is conclusive upon us that the order was made by the court upon its own motion, and the contention of appellant that the order was made upon the motion of plaintiff cannot be sustained. The colloquy that took place between the attorney for the plaintiff and the court immediately upon the return of the verdict cannot be regarded as a formal motion for a new trial on the part of plaintiff, but was simply the calling of the court's attention to its power under section 662, Code of Civil Procedure. (*Anglo-Nevada Assur. Corp. v. Ross,* 123 Cal. 520, [56 Pac. 335].)

It is also contended by appellant that the court erred in vacating the verdict upon its own motion.

The facts of the case as shown by admissions and uncontradicted evidence are as follows:

On the first day of November, 1905, appellant leased the premises in suit from one Dana for a period of two years from said date at a rental of one hundred dollars per month, payable in advance each month, and took possession under said lease. Dana subsequently granted the premises to plaintiff. For each of the ten months beginning May, 1906, and ending with February, 1907, defendant sent a check for the sum of $100 to the landlord or his or its agent, which was in each instance refused and returned to defendant. On the twenty-first day of February, 1907, there being ten months' rent due and unpaid, plaintiff gave three days' notice in writing to defendant, requiring its payment or possession of the premises, and served a copy thereof on the subtenant as well. This notice was in all respects correct in form, and correctly stated the amount then due and unpaid. Defendant did not

pay such rent or any part thereof, or surrender possession, and on the twenty-sixth day of February, 1907, this action was brought.

Upon this state of the case the court might properly have directed the jury to find a verdict in favor of plaintiff for the possession of the premises and the sum of $1,000, unpaid rent. The court, however, submitted the case to the jury under some general instructions, and upon the return of a verdict against plaintiff and in favor of defendant, on its own motion vacated the verdict.

In this the court committed no error. Section 662 of the Code of Civil Procedure gives power to the court on its own motion to vacate a verdict and grant a new trial "where there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions, or under the influence of passion or prejudice." In other words, there are two sets of circumstances under which the court of its own motion may vacate a verdict: 1. Where there has been a plain and palpable disregard of the instructions; and 2. Where there has been a plain and palpable disregard of the evidence. (*Townley* v. *Adams*, 118 Cal. 382, [50 Pac. 550] ; *Mizener* v. *Bradbury*, 128 Cal. 340, [60 Pac. 928] ; *Eades* v. *Trowbridge*, 143 Cal. 25, [76 Pac. 714].) By the terms of the order entered by the court it would seem that the learned judge of the trial court based the order upon the theory that the jury had plainly disregarded the instructions of the court. But because of the vagueness of the instructions it is very doubtful if it can be said that the jury was guilty of a "plain disregard of the instructions." The court simply read a portion of subdivision 2 of section 1161, Code of Civil Procedure, erroneously omitting the part requiring a three days' notice in writing to pay the rent or to surrender possession, and section 1500, Civil Code, relating to the extinguishing of a pecuniary obligation where an offer of payment is not accepted. The court did not, however, clearly tell the jury under what circumstances or conditions the plaintiff would be entitled to recover.

Nevertheless, if the order of the court can be sustained upon either ground allowed under section 662, the order of the

court must be upheld. (*Townley* v. *Adams,* 118 Cal. 382, [50 Pac. 550]. See, also, *Miller* v. *Wade,* 87 Cal. 412, [25 Pac. 487] ; *Estate of Yoakam,* 103 Cal. 503, [37 Pac. 485].)

The jury brought in a general verdict for the defendant. This necessarily carried with it an implied finding that some fact essential to plaintiff's recovery did not exist. Yet upon the record before us every fact essential to a recovery by plaintiff was admitted or proven without contradiction. Indeed, the only contention of defendant seems to be that because he had each month tendered the rent for that month this action will not lie. But the tender each month did not pay the rent. There is no pretense that defendant deposited the rent in any bank for plaintiff as provided in section 1500, Civil Code. On the twenty-first day of February, 1907, defendant was in possession of the premises in suit as a tenant of plaintiff, and there was then due and unpaid from defendant to plaintiff for the rental of said premises the sum of $1,000. It was admitted that on this day plaintiff made written demand on defendant, requiring him within three days to pay such $1,000, or to surrender possession of the premises. This demand was in all respects sufficient in form, and was duly served, both on defendant and his subtenant, on the twenty-first day of February, 1907. Defendant in no respect complied with the demand, but without the consent of the plaintiff retained the possession of the premises, and five days later this action was brought. About the foregoing facts there is no dispute or contradiction.

Upon the facts above stated plaintiff was clearly entitled to a verdict for the possession of the premises and for $1,000 as rent money. The court might properly have directed the jury to find such a verdict. A verdict for the defendant could only be rendered in plain and palpable disregard of the evidence.

The fact that defendant each month tendered one month's rent did not entitle him to refuse payment and to retain possession of the premises after plaintiff served him with the written notice authorized by subdivision 2 of section 1161, Code of Civil Procedure. ''Notwithstanding the refusal of a valid tender, if the creditor subsequently demands payment, and the debtor fails to pay, the tender has not been kept good,

and the debtor loses the benefit of the tender.'' (28 Am. &
Eng. Ency. of Law, 41, citing many cases.)

The jury plainly and palpably disregarded the evidence,
and the court for this reason was justified in assuming that
the verdict was rendered under the influence of prejudice.

The order is affirmed.

Cooper, P. J., and Kerrigan, J., concurred.

A petition for a rehearing of this cause was denied by the
district court of appeal on April 15, 1908.