(No. 5595. September 22, 1930.)

MOUNTAIN STATES IMPLEMENT COMPANY, a Corporation, Appellant, v. N. E. ARAVE, WILLIAM ARAVE and LAWRENCE WADSWORTH, Respondents.

[291 Pac. 1074.]

Otto E. McCutcheon, for Appellant.

Crowley & Crowley and George W. Edgington, for Respondents.

VARIAN, J.—Appellant, as assignee of Iona Mercantile Company, brought this action on two title-retaining notes, given in payment of the purchase price of a certain International motor-truck. Respondents admit the execution of the notes, the delivery of the truck, and the repossession of the truck by appellant, but deny it was sold at private sale, as alleged in the complaint, or at all, and as a defense alleged that plaintiff refused and neglected to sell the truck at public or private sale, as specified in the notes sued on; that, instead, plaintiff caused the truck to be appraised without defendants' consent, and the amount so appraised credited on the notes. A counterclaim was also pleaded, but withdrawn by respondents before trial.

After appellant rested its case, respondents promptly rested and began to move for a judgment of nonsuit, whereupon appellant asked and obtained leave to reopen the case and amend its complaint to allege consent by respondents to the appraisal of the truck in lieu of sale, and the crediting of the appraised value on the notes. Further testimony in support of the amendment was introduced, also evidence on behalf of the respondents. On December 19, 1929, the jury brought in a verdict against respondents N. E. and William Arave for the balance claimed to be due on both notes, in favor of appellant, and exonerating respondent Wadsworth. On the following day, December 20, 1929, the clerk entered judgment on the verdict. January 31, 1930, forty-three days after rendition of the verdict, respondent William Arave filed what is designated as "motion to vacate and set aside verdict and judgment," with supporting affidavits, asking the court to reconsider its rulings in permitting plaintiff to amend its complaint and rulings on the admission of evidence, and to vacate the judgment and verdict, upon grounds that might be considered a motion for a new trial under the statute (C. S., sec. 6888). On February 6, 1930, forty-nine days after the verdict,

respondent N. E. Arave filed a motion similarly designated and upon like grounds. After argument, the court denied both motions, rightly considering them as in effect motions for a new trial which were not filed within ten days after the verdict, as the statute directs. (C. S., sec. 6890; *Boam v. Sewell,* 40 Ida. 524 (528), 234 Pac. 153; *Prairie Flour Mill Co. v. Farmers Elevator Co.,* 45 Ida. 229 (234), 261 Pac. 673; *Eades v. Trowbridge,* 143 Cal. 25, 76 Pac. 714.)

On the same day, March 12, 1930, eighty-three days after the verdict, the trial judge, of his own motion, entered an order vacating the judgment and setting aside the verdict as to all respondents, upon condition that in case the appellant, on or before 12 o'clock noon of March 15, 1930, file with the clerk a written stipulation to the effect that the judgment be vacated as to William Arave, the judgment and verdict should otherwise stand. Appellant declined so to stipulate, and prosecutes this appeal from the order so made. There is no appeal by any party from the judgment.

 Three specifications of error are set forth in appellant's brief, but in view of the conclusions reached, we shall consider only the third, which is to the effect that the court erred in setting aside the judgment and verdict of its own motion. All the assignments are attacked for want of definiteness, but in view of the fact that the intention of the third assignment is made so apparent from its statement, read in connection with statements of the question to be decided found in appellant's brief, we are constrained to consider it. (See *Thibadeau v. Clarinda Copper Min. Co.* 47 Ida. 119, 272 Pac. 254; *McClellan v. Davis,* 45 Ida. 541, 263 Pac. 1002; *McKinlay v. Javan Mines Co.,* 42 Ida. 770, 248 Pac. 473.)

 It is contended that the court had no jurisdiction, after entry of judgment on the verdict (more than eighty days having elapsed), to vacate the judgment, set aside the verdict, and order a new trial, upon its own motion. On the other hand, respondents urge that the trial judge had jurisdiction to vacate the judgment at any time dur-

ing the term in which it was entered, and that the statute hereinafter quoted gave him power to set aside the verdict at any time during said term. The court's order recites the grounds which authorize a judge to set aside a verdict, as set forth in C. S., sec. 6893, reading as follows:

"The verdict of a jury may also be vacated and a new trial granted by the court in which the action is pending, on its own motion, without the application of either of the parties when there has been such a plain disregard by the jury of the instructions of the court, or the evidence in the case, as to satisfy the court that the verdict was rendered under a misapprehension of such instructions or under the influence of passion or prejudice. The order of the court may be reviewed on appeal in the same manner as orders made on motions for a new trial, and a reporter's transcript to be used on such appeal may be prepared in the same manner as provided in section 6886."

The precise point here is: Did the court act in time in making its order? The authorities in states having the same or similar statutes are not uniform, and text-writers vary in their conclusions on this question. In the states of North Dakota, South Dakota and California prior to the repeal of Cal. Code Civ. Proc., sec. 662 (see Cal. Stats. 1915, p. 202), the statutes are substantially the same as our C. S., secs. 6888 and 6893.

North Dakota laid down the rule that such order should be "made promptly on coming in of the verdict. In no case should such an order be made after a delay of some months." (*Gould v. Duluth & Dakota Elevator Co.*, 2 N. D. 216, 50 N. W. 969 (970).

South Dakota has adopted the rule that the court can only set aside a verdict and grant a new trial of his own motion at the time the jury returns the verdict. (*Delmont State Bank v. Ramsdell*, 50 S. D. 188, 208 N. W. 827 (828), and cases cited.)

In Michigan, at a time when there was no statute similar to the one under consideration, it was held that the court could *sua sponte* set aside a verdict and grant a new trial

only during the time a party aggrieved might, under the statute governing new trials, have moved for a new trial. (*Nichols v. Houghton, Circuit Judge*, 185 Mich. 654, Ann. Cas. 1917D, 100, 152 N. W. 482.) A similar holding was made by the supreme court of Louisiana in *Cartwright v. New Orleans Ry. & Light Co.*, 131 La. 210, 59 So. 124 (125).

Commenting upon similar statutes, Mr. Hayne says: " . . . . The better opinion seems to be that the judge can grant a new trial of his own motion only at the time the verdict is rendered. No time is limited by the statute for the exercise of the power. It cannot be supposed that the legislature intended to leave the successful party at the mercy of the judge for an indefinite period, nor can it be said that the section means that the judge must act within the time limited for a motion by the losing party . . . . " (1 Hayne on New Trial and Appeal (Rev. ed.), pp. 51, 52.)

The rule is laid down in 46 C. J., p. 286, sec. 245, as follows:

"Where a statute authorizes the court to order a new trial on its own motion when the verdict is plainly in disregard of the evidence or instructions, such order should be made promptly on the coming in of the verdict, and in no case after any considerable delay."

1 Spelling on New Trial and Appellate Practice, sec. 415, p. 774, says:

"No more definite proposition can be advanced with reference to this time limit than that it should me made within the time fixed by the statute for the losing party to institute a proceeding to obtain a new trial in his own right." (See, also, 14 Ency. Pl. & Pr., pp. 932, 933.)

The trial judge clearly acted upon the theory that he was authorized by the provisions of C. S., sec. 6893, to set aside the verdict, and that his right was inherent, as at common law (see *Moore v. Taylor*, 1 Ida. 630; *Todd v. Orr*, 44 Okl. 459, 145 Pac. 393; *Hensley v. Davidson Bros. Co.*, 135 Iowa, 106, 14 Ann. Cas. 62, 112 N. W. 227; *Central Liberty Trust Co. v. Roy*, 212 Mo. App. 680, 245 S. W.

1085), to vacate the judgment at any time during the term in which the judgment was entered.

It would seem that the said section, C. S., sec. 6893, above quoted, contemplates action by the trial court promptly, on the coming in of the verdict. In construing the statute, this court has said:

"In order to justify a district court in setting aside a verdict on its own motion, it must appear plainly and palpably that the jury disregarded either the evidence or the instructions of the court." (*Merchants' Protective Assn. v. Jacobson,* 33 Ida. 387, 195 Pac. 89.)

There can therefore be no necessity for any investigation on the part of the trial judge as to what the law is or what the evidence in the case showed. He is in a better position, at the time the jury brings in its verdict, to determine whether the jury "plainly and palpably" disregarded the evidence or failed to follow the instructions of the court. In case the court fails to set aside the verdict of his own motion, the aggrieved party still has his remedy by motion for a new trial under C. S., secs. 6888 and 6890.

An examination of the California cases decided while Cal. Code Civ. Proc., sec. 662, was in effect, shows that prompt action by the trial judge in setting aside the verdict on his own motion, is contemplated. (See *Eades v. Trowbridge, supra; Occidental Real Estate Co. v. Gantner & Mattern,* 7 Cal. App. 727, 95 Pac. 1042; *Townley v. Adams,* 118 Cal. 382, 50 Pac. 550; *Estate of Cahill,* 74 Cal. 52, 15 Pac. 364.) In the case of *Mizener v. Bradbury,* 128 Cal. 340, 60 Pac. 928, the court ordered a stay of proceedings on the coming in of the verdict, and twenty-eight days afterwards, on its own motion, set aside the verdict and granted a new trial. The supreme court declined to pass upon the question of the timeliness of the trial court's action, and reversed the case because the verdict was not so plainly, palpably and grossly in disregard of the evidence and instructions of the court as to warrant the court in setting aside the verdict and granting a new trial on its own motion.

The trial judge, having set aside the verdict on his own motion after the entry of judgment on the verdict, was without authority in the premises, and the order appealed from is reversed, with costs to appellant.

Givens, C. J., and Budge, Lee and McNaughton, JJ., concur.