JAMES BABB, *as Deputy Sheriff of Cherokee County*, v. A. H. ALDRICH.

1. DEPOSITION — *Sufficient Indorsement.* Where an indorsement on an envelope inclosing a deposition gives the title to the case, shows in whose behalf the deposition is taken, the name and character of the officer taking the same, that the deposition was sealed up by the officer who took it, and it is addressed to the clerk of the district court of the eleventh judicial district, Columbus, Cherokee county, Kansas, *held*, that such indorsement is sufficient. (*Whittaker v. Voorhees*, 38 Kas. 71.)

2. ———— *Adjournment, Not Error.* It is not error for a notary, before whom a deposition is to be taken, to adjourn the taking of said deposition at the time and place named in the notice for taking the same, until the next day at the same place and hour, at the request of the attorney of the party taking the deposition.

3. REPLEVIN — *Verdict Not in the Alternative — Modification of Judgment.* In an action of replevin, where the plaintiff fails to obtain possession of the property on the order of delivery, and the trial of the action results in favor of the plaintiff, but the verdict is for the value of the property simply, and not in the alternative, for the return of the property, or in case it cannot be returned, for the value thereof, the verdict and judgment are irregular. But in such a case it is not necessary to reverse the judgment and order a new trial, as the court may direct a modification of the judgment requiring it to be entered in the alternative; and in such a case, when the evidence clearly shows that the property could not be returned, it is unnecessary to direct a modification of the judgment.

*Error from Cherokee District Court.*

THE opinion contains a sufficient statement of the case.

*Gleed & Gleed*, for plaintiff in error.

*W. R. Cowley*, and *H. C. Root*, for defendant in error.

Opinion by STRANG, C.: This was an action for replevin for seventy-seven tons of zinc ore. The defendant claims to have purchased the ore from Aldrich and Fuller, in May, 1886. The plaintiff was deputy sheriff of Cherokee county, and had in his hands an execution in favor of O. T. Street, against Aldrich and Fuller, which he levied on the ore as the property

of said Aldrich and Fuller.   The defendant demanded the ore of the plaintiff, and on his refusal to return it to her, commenced this action to recover possession of it.   At the January term, 1887, the cause was tried by the court and a jury, resulting in a verdict and judgment for the plaintiff for $924. A motion for a new trial was overruled.

The first error complained of is the action of the court in refusing to suppress the deposition of Joel Bacon.   The first objection to the deposition is, that it was not properly indorsed and transmitted by the officer taking it.   The indorsement on the envelope is sufficient.   It gives the title of the case, shows in whose behalf the deposition is taken, the name and character of the officer taking the same, that it was sealed up by the officer who took it, and it is addressed to the clerk of the district court of the eleventh judicial district, Columbus, Cherokee county, Kansas. (*Whittaker v. Voorhees*, 38 Kas. 71.)   The certificate which is complained of is in due form and sufficient in substance.

Complaint is also made that the deposition was not begun on the day named in the notice.   The notary public was present at the time and place named in the notice for taking the deposition.   The attorney for the defendant appeared.   Nobody appeared to cross-examine.   Counsel for the defendant requested the notary to adjourn the taking of the deposition until the next day, which request was granted, and the taking of the deposition adjourned until the next day at the same place and hour.   The deposition was then taken.   No one appeared at this time for the plaintiff.   The notary had a right to adjourn from day to day.   But counsel say he did not give any reason for the adjournment, and that the statute requires that a reason should be given.   It is true the notary did not say in his certificate that he adjourned to accommodate the attorney for the defendant.   If he had, that would have been a compliance with the statute.   He did say, however, that he adjourned at the request of the attorney for the defendant.   We find no error in the ruling on the motion to suppress.

The petition contains all the necessary elements of a petition

in replevin.   While the description of the property therein is not as complete as it might have been, it is sufficient.   There was no dispute over the identity of the property.   The petition being sufficient, the evidence of A. H. Aldrich, R. S. Fuller and Joel Bacon was properly admitted.

The plaintiff complains of the ruling of the court in excluding certain evidence of the defendant, Babb.   If there was any error in the action of the court in this assignment, it was immediately cured by the court permitting Babb, in answer to the very next question, to go over the whole ground, and testify fully all about the conversation had between himself and Aldrich, which was the conversation before excluded.

Counsel for the plaintiff say the verdict and judgment are too large.   The evidence of Mrs. Aldrich and the witness Fuller is sufficient to sustain the verdict.   The trial court approved it, and we will not disturb it.   The judgment was for the value of the ore simply, and not in the alternative. Such a verdict in replevin is irregular.   But this court held, in *Ward v. Masterson*, 10 Kas. 79, "that it was not necessary to reverse the judgment and order a new trial; that it was sufficient to direct a modification, and that the judgment be entered in the alternative for the delivery of the possession, or in case that cannot be had, for the recovery of the value."

In this case, the plaintiff below did not get the property on her order of delivery, and the evidence of the plaintiff shows that the property was sold by him and taken away.   We do not, therefore, deem it necessary to direct a modification of the judgment.

It is recommended that the judgment in this case be affirmed.

By the Court: It is so ordered.

All the Justices concurring.