(June 13, 1914.)

JOSEPH ZILKA, Respondent, v. TERESA M. GRAHAM, Appellant, and MAX ENGLAND, Respondent.

[141 Pac. 639.]

JOINT TORT-FEASORS—INSTRUCTIONS—VERDICT—MOTION FOR JUDGMENT
    —EVIDENCE—SUFFICIENCY OF—TAXING COSTS.

1.   Where two persons are sued as joint tort-feasors and the evidence clearly shows that only one of them is liable for the tort, judgment may be rendered against the one who is liable for the trespass.

2.   *Held,* that the court did not err in overruling the demurrer to the amended complaint.

3.   *Held,* that the court did not err in the admission of certain evidence.

4.   *Held,* that the court did not err in giving a certain instruction to the jury.

5.   A motion to set aside a verdict and judgment and for a judgment *non obstante veredicto* comes too late if made after judgment has been entered.   Such motion must be made after the verdict and before the judgment is rendered.

6.   Under the provisions of sec. 3092, Rev. Codes, it is made the duty of a coterminous owner of real estate to give previous reasonable notice to another coterminous owner of his intention to make excavations on his adjoining land.

7.   Excavation by an owner on his own land, causing damage to a building on an adjoining owner's land, without the knowledge of, or previous notice to, such adjoining owner, is evidence of want of care in doing the work.

8.   *Held,* that there is substantial evidence to sustain the verdict of the jury.

9.   *Held,* that the court did not err in taxing the costs.

APPEAL from the District Court of the Eighth Judicial District, in and for the County of Kootenai. Hon. John M. Flynn, Judge.

Action to recover damages for alleged carelessness and negligent acts in the excavation of a certain lot adjoining the lot of plaintiff. Judgment for plaintiff. *Affirmed.*

McFarland & McFarland, for Appellant Graham.

The defendant was entitled to a charge to the jury that she was not liable if the damages were produced by the act of an independent contractor, or his servant. (*Aston v. Nolan,* 63 Cal. 269; *Sullivan v. Zeiner,* 98 Cal. 346, 33 Pac. 209, 20 L. R. A. 730; *Ulrick v. Dakota Loan & Trust Co.,* 2 S. D. 285, 49 N. W. 1054; *Hannicker v. Lepper,* 20 S. D. 371, 129 Am. St. 938, 107 N. W. 202, 6 L. R. A., N. S., 243.)

One who has contracted with a competent and fit person exercising an independent employment to do a piece of work not in itself unlawful or attended with danger to others, according to the contractor's own methods, and without his being subject to control, except as to the results of his work, will not be answerable for the wrongs of such contractor, his subcontractors or servants, committed in the prosecution of such work. (2 Thompson on Negligence, p. 899, sec. 22; *Crenshaw v. Ullman,* 113 Mo. 633, 20 S. W. 1077; *McGrath v. City of St. Louis,* 215 Mo. 191, 114 S. W. 611; *Harrison v. Kiser,* 79 Ga. 588, 4 S. E. 320; *Myer v. Hobbs,* 57 Ala. 175, 29 Am. Rep. 719; *Laycock v. Parker,* 103 Wis. 161, 79 N. W. 327.)

Where the master and servant are sued jointly as in this case, the master is joined and held only under the doctrine of *respondeat superior* for the acts of the servant. A verdict acquitting the servant acquits also his respondent. (*Mc-Ginnis v. Chicago R. I. & Pac. R. Co.,* 200 Mo. 347, 118 Am. St. 661, 98 S. W. 590, 9 L. R. A., N. S., 880, 9 Ann. Cas. 656; *Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649, and notes; *Stevick v. Northern Pac. R. Co.,* 39 Wash. 501, 81 Pac. 999; *Indiana etc. Torpedo Co. v. Lippincott Glass Co.,*

165 Ind. 361, 75 N. E. 649; *City of Anderson v. Fleming,* 160
Ind. 597, 67 N. E. 443, 66 L. R. A. 119; *Portland Gold Min.
Co. v. Stratton's Independence,* 158 Fed. 63, 85 C. C. A. 393,
16 L. R. A., N. S., 677–680; *Chicago etc. R. Co. v. McManigal,*
73 Neb. 580, 103 N. W. 305, 107 N. W. 243; *Hayes v. Chicago
Tel. Co.,* 218 Ill. 414, 75 N. E. 1003, 2 L. R. A., N. S., 764;
*New Orleans & N. E. R. Co. v. Jopes,* 142 U. S. 18, 12 Sup. Ct.
109, 35 L. ed. 919.)

Elder & Elder  and E. R. Whitla, for Respondent Zilka.

An application for a judgment notwithstanding verdict
must be made at the time the verdict is received and before
judgment is entered thereon. (*Schieble v. Hart,* 11 Ky.
Law Rep. 607, 12 S. W. 628; *State v. Commercial Bank,* 6
Smedes & M. (Miss.) 218, 45 Am. Dec. 280; Freeman on
Judgments, par. 7.)

A special order made after final judgment has been entered
must be appealed from within the time provided by sec. 4807,
Rev. Codes, as amended 1911 Sess. Laws, p. 367, and if such
appeal is not taken within that time, this court obtains no
jurisdiction to pass upon the question. (*Oliver v. Kootenai
County,* 13 Ida. 281, 90 Pac. 107; *Coey v. Cleghorn,* 10 Ida.
162, 77 Pac. 331; *Campbell v. First Nat. Bank of Rexburg,*
13 Ida. 95, 88 Pac. 639; *Balfour v. Eves,* 4 Ida. 488, 42 Pac.
508; *Marshalltown Stone Co. v. Des Moines Brick Mfg. Co.*
(Iowa), 101 N. W. 1124; *Marshal v. Davis,* 122 Ky. 413, 91
S. W. 714; 23 Cyc. 871.)

If, in excavating, a land owner failed to prosecute the work
skilfully or without proper care to avoid injury to the struc-
tures on the adjoining land and damages are sustained by
the adjoining land owner, the person making the excavation
will be liable for all damages resulting from his wrongful
or negligent conduct. (1 Cyc. 782; *Gilmore v. Driscoll,* 122
Mass. 199; 23 Am. Rep. 312; *Gerst v. St. Louis,* 185 Mo. 191,
105 Am. St. 580, 84 S. W. 34; 1 Thompson on Negligence,
p. 1006, sec. 1115.)

A person employing a contractor to do an act, the doing
of which casts upon him a duty, cannot, by delegating it to

the contractor, escape from the responsibility attaching to him to see that duty performed. (*Cabot v. Kingman,* 166 Mass. 403, 44 N. E. 344, 33 L. R. A. 45; *Bonaparte v. Wiseman,* 89 Md. 12, 42 Atl. 918, 44 L. R. A. 482; *Green v. Berge,* 105 Cal. 52, 45 Am. St. 25, 38 Pac. 539; *Barnes v. City of Waterbury,* 82 Conn. 518, 74 Atl. 902; *Samuel v. Novak,* 99 Md. 558, 58 Atl. 19; *Davis v. Summerfield,* 133 N. C. 325, 45 S. E. 654, 63 L. R. A. 492.)

"The excavating by an owner on his own land adjoining another's building causing damage, without his knowledge or previous notice to him, is evidence of want of care in doing the work." (*Schultz v. Byers,* 53 N. J. L. 442, 26 Am. St. 435, 22 Atl. 514, 13 L. R. A. 569; *Krish v. Ford,* 19 Ky. Law Rep. 1167, 43 S. W. 237; *Davis v. Summerfield,* 133 N. C. 325, 45 S. E. 654, 63 L. R. A. 492; *Gildersleeve v. Hammond,* 109 Mich. 431, 67 N. W. 519, 33 L. R. A. 46.)

The adjacent owner of land has no right to deprive his neighbor of the natural support afforded by his soil; and his right, whatever that may be, to excavate must be exercised with due care and skill at his peril to prevent injury to his neighbor. (*Ulrick v. Dakota Loan & Trust Co.,* 2 S. D. 285, 49 N. W. 1054; *Hannicker v. Lepper,* 20 S. D. 371, 129 Am. St. 938, 107 N. W. 202, 6 L. R. A., N. S., 243; *City of Covington v. Geyler,* 12 Ky. Law Rep. 466; *Serio v. Murphy,* 99 Md. 545, 105 Am. St. 316, 58 Atl. 435; *Riley v. Continuous Rail Joint Co.,* 110 App. Div. 787, 97 N. Y. Supp. 283; *Green v. Berge,* 105 Cal. 52, 45 Am. St. 25, 38 Pac. 539.)

It is only where the servant's acts are the sole cause of action that the doctrine of *respondeat superior* applies, and it does not apply where any act or omission of the master enters into or contributes to the injury complained of. (*Doremus v. Root,* 23 Wash. 710, 63 Pac. 572, 54 L. R. A. 649.)

This question has often been passed upon on the question of a separable cause of action. (*Southern Ry. Co. v. Edwards,* 115 Ga. 1022, 42 S. E. 375; 26 Cyc. 1644.)

Where several defendants are joined in an action for tort, a verdict may be rendered against any number thereof, and the other acquitted. (*Kinkler v. Junica,* 84 Tex. 116, 19

S. W. 359.)   The rule is also statutory in this state.   (Rev. Codes, 4351, 4352; *Bingham v. Lipman,* 40 Or. 363, 67 Pac. 98; *Moore v. Fitchburg Railroad Corp.,* 4 Gray (Mass.), 465, 64 Am. Dec. 83; *Gulf C. & S. F. Ry. Co. v. James,* 73 Tex. 12, 15 Am. St. 743, 10 S. W. 744; *Westerfield Gas & Milling Co. v. Abernathy,* 8 Ind. App. 73, 35 N. E. 399; *Groot v. Oregon Short Line Ry. Co.,* 34 Utah, 152, 96 Pac. 1019; *Muller v. Hale,* 138 Cal. 163, 71 Pac. 81; 29 Cyc. 487.)

"The successful party should be allowed witness fees for attendance during the time the trial was delayed, and additional traveling expenses resulting from a continuance, when caused by the fault of his opponent." (11 Cyc. 119.)

The *per diem* of a witness who attends in obedience to a subpoena is properly computed according to the time during which he is in actual attendance, and not limited to the time when he is actually testifying, or to the days on which the trial actually takes place. (40 Cyc. 2184b; *Hunter v. Russell,* 59 Fed. 964; *Farmer v. Stillwater Water Co.,* 86 Minn. 59, 90 N. W. 10.)

C. H. Potts, for Respondent Max England.

Where the servant does the work which he is employed to do, under the direction of the employer, or his agents, relying upon them as to the method in which such work should be done or performed, and performing such work without negligence on his part, he is not liable for injury sustained by a third person, caused by the manner in which such work was performed, unless he knew or had reason to believe that the manner in which he was performing such work was hazardous and liable to occasion injury. (*Gustafson v. Chicago etc. R. R. Co.,* 128 Fed. 85–90.)

The respondent England could be held liable only for actual negligence in the performance of his work, while Mrs. Graham, as the owner of the property, would become liable to the plaintiff for her failure to perform the obligations imposed upon her by statute as the owner of the land.

The liability of master and servant for the negligence of the servant while acting for the master within the scope of his

employment is both joint and several.    (*Gardner v. Southern R. R. Co.,* 65 S. C. 341, 43 S. E. 816.)

SULLIVAN, J.—This action was brought to recover from the defendants damages in the sum of $9,500, alleged to have occurred by the carelessness and negligent acts of the defendants in the excavation of a certain lot belonging to the appellant Graham and adjoining the lot of the plaintiff, whereby a certain brick building standing on the lot of the plaintiff collapsed and fell because of such excavation.

The complaint contains a statement of three causes of action.    The first involves the destruction of said building, the second involves the rents and revenues of said building, and the third, the cost of removing the wreck of said building.

The defendants appeared by separate attorneys and answered separately and put in issue the material allegations of the complaint.    As an affirmative defense the defendant Graham alleged that she employed the defendant England to excavate the said premises, and that if any damages were caused to plaintiff's building on account of such excavation, England alone was responsible therefor.

The issues as made by the pleadings were tried by the court with a jury and verdict rendered against the defendant Graham in favor of Zilka for the sum of $3,000.    A motion for a new trial was denied and the appeal of Graham is from the order denying the new trial.    Zilka, the plaintiff, also appeals from the judgment rendered in favor of England, and also from the order of the trial court in taxing costs in the judgment against Graham.

The defendants were sued as *joint tort-feasors* and counsel for appellant first contends that the judgment must be reversed, for the reason that it is manifest from the record that all of the negligence and trespass charged against the defendants Graham and England as joint *tort-feasors* was tied to Graham exclusively by the jury under the charge of the court in disregard of the evidence in the record and the law applicable thereto.

It appears from the record that the defendant Graham desired to erect on said lot owned by her a building to be used as a postoffice building, in the city of Coeur d'Alene, and that she arranged with the defendant England to excavate said lot for the purpose of erecting said building; that he was to do the work for thirty cents per cubic yard; that she did not inform the plaintiff Zilka that she intended to make said excavation nor give him the notice required by the provisions of sec. 3093, Rev. Codes, of her intention to make such excavation; that Williams, who was the architect of the defendant Graham, superintended the work of making said excavation; that England talked with the architect about shoring and bracing up the Zilka wall; that England had had no experience in doing that kind of work and he so informed the defendant Graham.

Under the evidence the jury no doubt found that architect Williams superintended said excavation and was informed of the way that England intended to shore or brace the walls of the Zilka building. It also appears that the manner in which plaintiff's building was shored and protected was not the ordinary and customary method of protecting brick walls and was not the method used by prudent and careful workmen.

It appears from the evidence that it was the intention of England to put in concrete piers in place of the wooden ones; that he had put in only a part of the wooden posts when the building collapsed. Plaintiff's building next to defendant's lot was sixty feet in length and constructed of brick, and at the time it collapsed there were six posts under it, two at the corners and four at equal distances through the center, and the evidence shows that that method of protecting the wall was not a proper method, or at least there was substantial evidence supporting that view, and the jury must have taken that view. The evidence on the part of respondent England shows that he was performing said work under the direction of appellant Graham and her architect and that he did the work in accordance with the instructions or advice of the architect; that he was simply a servant working for Mrs. Graham, and the jury must have taken that view of the evi-

dence and found that he was not a joint tort-feasor and not responsible for the falling of the wall, and there is evidence in the record that would justify the jury in so finding.

The action of the court in overruling the demurrer to the amended complaint is assigned as error. Upon an examination of the demurrer and complaint, we are satisfied that the court did not err in overruling said demurrer.

Assignments of error Nos. 2 to 37, inclusive, relate to the admission of evidence. Upon an examination of those assignments, we are fully satisfied that there is no reversible error in the action of the court involved in said assignments.

Assignments Nos. 38 to 41, inclusive, go to the action of the court in giving certain instructions, but the only instruction the appellant argues in her brief is instruction No. 15, which instruction is as follows: ''The court instructs the jury that in such cases as this the defense that the work was done by an independent contractor is not maintainable, as the party doing the excavating cannot escape responsibility by contracting with someone else to do the work for him. And if you find in this case that Max England was doing the work for the defendant, Teresa M. Graham, then Teresa M. Graham would be just as responsible as if she did the work herself.''

Had the evidence showed that England was an independent contractor and did not do the work under the direction of Mrs. Graham and her architect, said instruction would be objectionable, but since the evidence shows that he did the work under the direction of the appellant's architect, we do not think the giving of said instruction was reversible error.

Assignment of error No. 46 refers to the action of the court in denying plaintiff's motion to set aside the judgment and verdict and enter a judgment in favor of appellant Graham. It appears from the record that the judgment was entered on the 14th of October, 1913, that said motion was made on the 12th of November, 1913, and the order denying the same was made on the 21st of November, 1913. The order denying said motion, therefore, was made after the judgment was entered and was an appealable order. No appeal was taken therefrom. It is a well-established rule that a motion to set aside

a judgment and for a judgment *non obstante veredicto* comes too late if made after judgment is entered. Such motion must be made immediately after the verdict and before the judgment is entered. (*Oliver v. Kootenai Co.,* 13 Ida. 281, 90 Pac. 107; *Schieble v. Hart,* 11 Ky. Law Rep. 607, 12 S. W. 628; *State v. Commercial Bank,* 6 Smedes & M. (Miss.) 218, 45 Am. Dec. 280; Freeman on Judgments, sec. 7; 23 Cyc. 871.) Said motion cannot be considered as a part of this appeal as no appeal was taken from said order, and the alleged error claimed by the motion was not presented to the court on the motion for a new trial and is therefore not reviewable under the provisions of secs. 4441–4443, Rev. Codes, as amended by Laws of 1911, p. 377.

Under the provisions of sec. 3092, Rev. Codes, it was the duty of the appellant to notify the respondent that she was about to make excavations on her said lot, which she failed to do. That section imposes the duty of giving notice upon the coterminous owner and not upon any servant, and any servant engaged on behalf of the master has the right to presume that the property owner who has employed him to do the work has done that which the statute requires. In *Schultz v. Byers,* 53 N. J. L. 442, 26 Am. St. 435, 22 Atl. 514, 13 L. R. A. 569, it is held that the excavating by an owner on his own land adjoining another's building causing damage, without his knowledge, or previous notice to him, is evidence of want of care in doing the work.

Under the law it is clear that if in making an excavation the land owner fails to prosecute the work skilfully or with proper care, the owner making such excavation is liable for damages resulting to adjacent land owners. As touching upon this point, see *Gerst v. City of St. Louis,* 185 Mo. 191, 105 Am. St. 580, 84 S. W. 34.

In 1 Thompson on Negligence, sec. 1115, the author states: "If an excavation results in a *trespass* upon adjacent property, in consequence of the work being done in conformity with plans furnished by the proprietor, he will be responsible, although the work was done by an independent contractor."

There is substantial evidence to sustain the verdict of the jury and we find no reversible error in the record.

The respondent Zilka appeals from an order of the court taxing costs. He filed his cost bill showing witnesses' fees paid by him to his witnesses, and appellant Graham filed a motion to retax. The motion was based on the ground that the plaintiff's witnesses ought not to be allowed for but one day's attendance as their entire testimony was given on one day. The court taxed the costs allowing some of the witnesses for five days' attendance and others for less.

The record shows that this case was set for trial on the 3d of October, 1913. Another case had been set for October 2d, and the trial of that case was commenced and occupied the attention of the court until the 7th of October, on which day the case at bar was called for trial, and continued until October 11th. It appears that some of the witnesses of respondent were residents of Coeur d'Alene City, the place where the court was being held. The trial court on the motion to tax costs allowed some of such witnesses *per diem* for five days, and this court, on the facts as presented by the record, is not inclined to reverse said order of the court. The trial court was conversant with all of the facts in the case, and we are satisfied was justified in taxing the costs as it did. The judgment is affirmed, with costs of the main appeal awarded in favor of plaintiff Zilka, and the costs of the appeal from the order taxing costs in favor of defendant Graham.

Ailshie, C. J., concurs.