(January 14, 1916.)

SIDNEY CADY and NELLIE E. CADY, His Wife, Respondents, v. ERNEST B. KELLER, Appellant.

[154 Pac. 629.]

APPEAL AND ERROR — INSTRUCTIONS — AMENDMENTS TO PLEADINGS — REPLEVIN—JUDGMENT.

1. In the Idaho practice no provision is made for an appeal from an order denying a motion for judgment notwithstanding the verdict, and it is not, therefore, an appealable order.

2. The instructions given to the jury in a case must be read and considered together, and if they are not in conflict with each other and, taken as a whole, correctly state the law applicable to the facts of the case, the circumstance that an isolated paragraph is obscure, incomplete or indefinite will not, of itself, constitute ground for reversal.

3. Granting or refusing to grant permission to amend a pleading is largely a matter of discretion of the trial court, and unless the exercise of such discretion deprives a party to the action of some substantial right, it is not error.

[As to pleading, proof and practice in replevin, see note in 80 Am. St. 741.]

4. Although, as a general rule, the judgment in an action of replevin, if for the plaintiff and the property has not been delivered to him, should be in the alternative, for the return of the

property or its value in case return cannot be had, and although the verdict is in the alternative and the judgment makes no provision for the return of the property, if it clearly appears from the record that return cannot be had, the case will not be remanded to the trial court with instruction to enter judgment in the alternative, since no useful result would follow such action, and since no substantial right of either of the parties has been invaded by the form of the judgment entered by the trial court.

APPEAL from the District Court of the Eighth Judicial District for Kootenai County. Hon. R. N. Dunn, Judge.

Action of replevin. Judgment for plaintiffs. *Affirmed.*

Lynn W. Culp, for Appellant.

The judgment is contrary to the verdict, the verdict being in the alternative, while the judgment is absolute, for the value of the property; and it is believed to be void for that reason alone. (*Fitzhugh v. Wiman*, 9 N. Y. 559; *Cooke v. Aguirre*, 86 Cal. 479, 25 Pac. 5; *Phipps v. Taylor*, 15 Or. 484, 16 Pac. 171.)

Roger C. Wearne, for Respondents.

The plaintiff in this action was entitled to judgment in the alternative for the return of the property or its value as found by the jury, but where the facts are such that a return of the property to him could not be had, he was entitled to take his judgment for the value of the property, as was done in this case; but even had it been possible to return the property, plaintiff would not have been compelled to accept the same instead of settlement for its value, unless he choose to do so, as the right of election is in him. (34 Cyc. 1544, 1545.)

MORGAN, J.—This action was commenced by respondents against appellant to recover possession of a team, harness and farm wagon, or the value thereof in case delivery could not be had, together with damages for the taking and detention of the property.

It appears that appellant came into possession of the property, which respondents claim was exempt from execution under the provisions of sec. 4480, Rev. Codes, in his official capacity as constable, first, under and by virtue of a writ of attachment and, thereafter, under and by virtue of a writ of execution issued out of the justice's court in a case wherein Branson-Max Hardware Company, Limited, a corporation, was plaintiff, and respondent, Sidney Cady, was defendant. It further appears that thereafter appellant sold the property pursuant to the execution.

The trial resulted in the following verdict by the jury:

"We, the jury in the above-entitled action hereby render our verdict in favor of plaintiffs and against defendant as follows:

"For the immediate return of the two mares, harness and wagon described in plaintiffs' complaint to plaintiffs, or in lieu thereof the payment to plaintiffs by defendant of the sum of $350 the value of the property at the time it was taken from plaintiffs and

"For the further sum of $200 damages for the taking and detention of said property."

Appellant moved for judgment in his favor notwithstanding the verdict, which motion was by the court denied and judgment was entered in favor of respondent and against appellant wherein it was, among other things, recited:

"It appearing from facts developed during the hearing that said property cannot now be returned to plaintiffs, therefore, it is

"*Ordered, adjudged and decreed,* and this does *order, adjudge and decree,* that plaintiffs do have and recover judgment against defendant, Ernest B. Keller, in the full sum of $350 together with the further sum of $200 being the total sum of $550 together with the costs and disbursements of this action as taxed in the sum of $42.50 and allowed herein."

From the order denying appellant's motion for judgment notwithstanding the verdict of the jury and from the judgment made and entered in this case, this appeal is prosecuted.

Sec. 4800, Rev. Codes, provides: "A judgment or order,

in a civil action, except when expressly made final, may be reviewed as prescribed in this Code, and not otherwise.''

Sec. 4807, Rev. Codes, fixes the time within which appeals may be taken from judgments and certain orders made and entered in district courts to this court, but no provision is made for an appeal from an order denying a motion for judgment notwithstanding the verdict, and, in the absence of such a provision, it is not an appealable order. This will, therefore, be treated as an appeal from the judgment alone.

Appellant assigns as error the action of the court in admitting in evidence respondent's exhibits marked for identification, ''E,'' ''F,'' ''G,'' ''H,'' ''I'' and ''J,'' and contends that they were not properly identified and were incompetent, irrelevant and immaterial. These exhibits are a part of the files of the justice's court in the case above mentioned; exhibit ''E'' being a motion supported by the affidavit of respondent, Sidney Cady, for the release from attachment of the property in question as being exempt from execution; exhibit ''F'' is a supplemental motion demanding the release of the property upon the ground that the affidavit of attachment was false; exhibit ''G'' is the answer of plaintiff in said suit to the motion above mentioned; exhibit ''H'' is the affidavit for attachment; exhibit ''I'' is the undertaking on attachment, and exhibit ''J'' is the affidavit of Cady claiming the property in question as exempt from execution and alleging the facts upon which that claim was based.

During the trial of this case in the district court, while the justice of the peace was upon the witness-stand, counsel for respondents was attempting to prove, by the witness, the contents of certain documents, which were files in the justice's court, whereupon a controversy arose between counsel for the respective parties as to the proper method of making this proof, and resulted in an agreement being reached that all records and files in the justice's court pertinent to the issue in the verdict court might be accepted in evidence.

At the close of taking testimony counsel for respondents attempted to read the supplemental motion marked ''F,''

above mentioned, to which objection was made by counsel for appellant upon the ground that it was not offered or introduced in evidence and was no part of the record, upon which objection the court made the following ruling:·

"Overrule the objection on the ground that it is one of the papers that the court understood was offered in evidence. Counsel claims it was offered. I will say that at the time this justice's docket and other papers were offered in evidence the court understood it was agreed that all the papers subsequent to the writ of attachment might be offered in evidence, and the court understood they were offered in evidence; and if they were not and it is now desired to put them in, the court will reopen the case and allow them to be offered, and if the attorney desires to offer any evidence in their rebuttal he may do so." And upon further objection being made by counsel for appellant, the court said: "The court has already made its ruling on that matter; and if it is deemed necessary to complete the case and have a proper hearing of it in this suit, those papers may be offered, in order that we may not have a piecemeal trial." Thereupon the documents marked "E," "F," "G," "H," "I" and "J" for identification were offered and admitted in evidence over the objection of appellant to the effect, among other things, that they had not been identified as files of the justice's court, to which objection the court made the following ruling; "If the court understood the agreement they are within the agreement. The docket was identified by the justice yesterday on the stand."

We find no error in the rulings of the court in this particular. The transcript of the proceedings had while the justice of the peace was upon the witness-stand discloses that the court was justified in concluding that no objection would be made to the introduction of any records and files of the justice's court material to the issue in the district court; that identification of the various documents was waived, and that such was, in fact, the understanding of the parties at the time.

Certain other assignments of error are predicated upon portions of the instructions given by the court to the jury and upon his refusal to give an instruction requested by appellant, which will not be quoted or discussed at length. The instructions given, taken as a whole, correctly and clearly state the law applicable to the facts in the case. The rule is well settled in this state that all of the instructions must be read and considered together, and if they are not in conflict with each other and, taken as a whole, correctly state the law applicable to the facts of the case, the circumstance that an isolated paragraph is obscure, incomplete or indefinite will not, of itself, constitute ground for reversal. (*Tilden v. Hubbard,* 25 Ida. 677, 138 Pac. 1133; *Osborn v. Cary,* 28 Ida. 89, 152 Pac. 473, and cases therein cited.)

Appellant makes the following assignments of error: "The court erred, when, after all the evidence was in, and both sides had rested, defendant moved for a dismissal for the reason that the amended complaint did not state a cause of action, and the court had sustained the motion to dismiss, on his own motion to offer to plaintiffs to allow them to amend their complaint, and to offer proof to sustain the amendment; and when plaintiffs refused to avail themselves of the opportunity so offered, to disregard his own ruling and continue the case." This assignment is not fully borne out by the record. The transcript discloses that upon the motion mentioned in the assignment of error being made the court ruled as follows: "I think I will sustain the contention as to the pleading, and allow you to amend your complaint to conform to your proofs, or if the proof is not in as you desire it, I will allow the case to be reopened and proof offered on that point." Thereupon, although no amendment was actually written into the complaint, the trial proceeded as if it had been so written and the exhibits above mentioned were read to the jury.

Granting or refusing to grant permission to amend a pleading is largely a matter of discretion of the trial court, and unless the exercise of such discretion deprives a party to the action of some substantial right, it is not error. (*Idaho*

*Placer Min. Co. v. Green,* 14 Ida. 294, 94 Pac. 161; *Harrison v. Russell & Co.,* 17 Ida. 196, 105 Pac. 48; *Snowy Peak Min. Co. v. Tamarack & Chesapeak Min. Co.,* 17 Ida. 630, 107 Pac. 60; *Pennsylvania-Coeur d'Alene Min. Co. v. Gallagher,* 19 Ida. 101, 112 Pac. 1044; *Mantle v. Jack Waite Min. Co.,* 24 Ida. 613, 135 Pac. 854, 136 Pac. 1130; and *Trousdale v. Winona Wagon Co.,* 25 Ida. 130, 137 Pac. 372.) We have reached the conclusion that the court acted within its discretionary power in permitting the amendment and in admitting the proof, and that in so acting no error was committed.

Other assignments of error are predicated upon the action of the court in denying appellant's motion for a judgment notwithstanding the verdict and question the sufficiency of the evidence to sustain the verdict and judgment. An examination of the record convinces us that the evidence is sufficient and that the court committed no error in making the ruling complained of.

Appellant urges that the judgment is void for the reason that it is contrary to the verdict, in that the verdict is in the alternative while the judgment is for the value of the property and makes no provision for the return of it to the respondents. While undoubtedly it is the general rule that the judgment in an action for replevin, if for the plaintiff and the property has not been delivered to him, should be in the alternative, for the return of the property or its value in case return of it cannot be had, it is said in 34 Cyc. 1549: "If for any reason a return cannot be had, where it would be the appropriate remedy, the judgment need not be in the alternative, but may be for the assessed value of the property only, including such damages as may be allowed, and it has been held that where plaintiff brings replevin and fails to procure possession of the property, but continues the action as one for damages, an alternative judgment for the return of the property or its value is not required." (*Babb v. Aldrich,* 45 Kan. 218, 25 Pac. 558.)

In this case the trial court recited in its judgment that it appeared from the facts developed during the hearing that the property could not be returned, and the record fully

sustains this finding. Prior to the trial in the district court appellant had sold the property and it had passed from his possession and control, and while we might, were the facts otherwise than as above stated, remand the case with instruction that a judgment in the alternative be entered, in view of these facts it is clear that no useful result would follow such action upon our part. Furthermore, sec. 4231, Rev. Codes, provides: ''The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect.'' (*Schultz v. Rose Lake Lumber Co.,* 27 Ida. 528, 149 Pac. 726, and cases therein cited.)

Since a return of the property cannot be had, it does not appear to us that any substantial right of either of the parties has been invaded by the failure of the court to enter a judgment directing appellant to return respondents' property to them (which it is impossible for him to do), nor does it appear to us that the judgment entered for the value of the property and damages for the taking and detention thereof should be disturbed.

The judgment of the trial court is affirmed. Costs are awarded to respondents.

Sullivan, C. J., and Budge, J., concur.