(No. 4827.  November 25, 1927.)

PRAIRIE FLOUR MILL COMPANY, a Corporation, Respondent, v. FARMERS ELEVATOR COMPANY, a Corporation, FERDINAND ROCHDALE COMPANY, a Corporation, G. W. TARBET, THE AMERICAN SURETY COMPANY, and MARYLAND CASUALTY COMPANY, Appellants.

[261 Pac. 673.]

JUDGMENT NON OBSTANTE VEREDICTO NOT PERMITTED UNDER CODE PROVISIONS—COMMON LAW—APPEAL AND ERROR—PLEADING—TRIAL—MOTION FOR DIRECTED VERDICT.

1.  C. S., secs. 6830, 6831, 6860, 6861, 6864, 6866-6868, 7302, 9019, 9254, being repugnant to, and inconsistent with, common-law practice of moving for judgment *non obstante veredicto,* such practice is not proper or permissible nor continued in effect by section 9460, and, when a trial has been had and verdict rendered, court, under sections 6888, 6893, can relieve one from verdict only by setting it aside on motion or on its own motion and granting a new trial.

2.  At common law, judgment *non obstante* was only granted on record of pleadings, and did not rest on sufficiency or insufficiency of evidence on either side, was only granted on behalf of plaintiff, and in case where defendant admitted material allegations of complaint, but pleaded new matter by way of defense or confession and avoidance.

3.  At common law, after trial and verdict in defendant's favor on new matter pleaded by way of defense or confession and avoidance, court could entertain motion for judgment *non obstante,* which was based on question of law and not on the evidence.

4.  At common law, one whose demurrer was overruled had to stand on it or withdraw it before he could answer, both demurrer and answer not being permissible.

5. At common law, new matter in an answer required further answer, a reply by plaintiff, and a plaintiff who had demurred to new matter in answer was required, in order to reply, to withdraw or waive his demurrer.

6. At common law, practice permitting plaintiff to move for judgment *non obstante* as against defendant's plea of new matter, and permitting defendant to move in arrest of judgment, permitted court to again inquire into sufficiency of allegations of new matter in defendant's answer.

7. Under practice and code provisions of Idaho, one may demur and answer at same time, or he may demur, and, if his demurrer be overruled, try out cases, and still save and raise on appeal any error in overruling demurrer.

8. Plaintiff may demur to new matter in answer, and, if demurrer is overruled and verdict rendered for defendant based on such new matter, may test sufficiency of allegations of new matter by assigning error on appeal in overruling his demurrer.

9. Since a motion for nonsuit cannot be based on insufficiency of complaint, by same token a motion for directed verdict should not be permitted to be based on insufficiency of allegations of new matter in answer.

10. On appeal from judgment *non obstante* erroneously entered, it is neither necessary nor proper to consider other assignments of error.

11. Error in entering judgment *non obstante* cannot be held to be error without prejudice, in view of material conflict in evidence, sufficient to entitle parties to jury trial.

Publisher's Note.

2. Right to judgment *non obstante veredicto* because of failure of proof, see notes in 12 L. R. A., N. S., 1021; L. R. A. 1916E, 828. See, also, 15 R. C. L. 606. Right of court to go beyond pleadings in disposing of motion for judgment *non obstante veredicto*, see note in Ann. Cas. 1913A, 1023. See, also, 15 R. C. L. 607.

5. See 21 R. C. L. 512.
7. See 21 R. C. L. 512.

See Appeal and Error, 4 C. J., sec. 2541, p. 649, n. 36; sec. 2582, p. 681, n. 68; sec. 3047, p. 1064, n. 55 New.

Extinguishment, 25 C. J., p. 230, n. 87.

Judgments, 33 C. J., sec. 111, p. 1178, n. 11; sec. 112, p. 1178, n. 12, p. 1179, n. 14, 15.

Merger, 40 C. J., p. 650, n. 23.

Pleading, 31 Cyc., p. 241, n. 53, p. 310, n. 41, 42, p. 746, n. 26.

Trover and Conversion, 38 Cyc., p. 2024, n. 34.

APPEAL from the District Court of the Tenth Judicial District, for Idaho County. Hon. Miles S. Johnson, Judge.

Action in conversion. Judgment for plaintiff. *Reversed and remanded.*

Wilbur L. Campbell and Williams & Cornelius, for Appellant Maryland Casualty Co., cite no authorities on points decided.

B. Auger, for Appellant American Surety Co., cites no authorities on points decided.

Fred E. Butler and Edw. C. Butler, for Respondent.

If upon the entire evidence there is no question of fact for the jury and one party is entitled to a verdict as a matter of law, the proper procedure is to direct the verdict in his favor. If, however, instead of directing a verdict the court discharges the jury and enters a judgment which would have properly followed upon the directed verdict, the procedure, while irregular, is not ground for reversal. (*Bowman v. Bohney,* 36 Ida. 162, 210 Pac. 135; *Adamson v. Mattson,* 32 Ida. 493, 185 Pac. 553; 38 Cyc. 1594; *Western Montana Nat. Bank v. Home Ins. Co. of New York,* 75 Mont. 16, 241 Pac. 611; *LeClair v. School Dist. No. 28,* 74 Mont. 385, 240 Pac. 391; *Ford v. Schall,* 114 Or. 688, 236 Pac. 745; *Bow v. R. & N. Oil Gas Co.,* 43 Ida. 80, 251 Pac. 295.)

TAYLOR, J.—The plaintiff, respondent, brought this action in conversion as assignee of a warehouse receipt issued by the defendant Ferdinand Rochdale Company to one Phoebe Snyder, and by her sold and assigned to Riggs-Mikkelson Grain Company, and alleged to have been by the latter, with all its right, title, claim and interest in said wheat, assigned to plaintiff.

The complaint alleges that Farmers Elevator Company, a corporation, was created "for the purpose of reorganizing and taking over the assets of the Ferdinand Rochdale Company, and assuming its liabilities," and that it "did take

over the assets and assume the liabilities of the Ferdinand Rochdale Company''; that the two warehouse companies and defendant Tarbet, as manager thereof, had converted the grain and refused to deliver it, and asked judgment for the grain or its highest market value. The surety companies were made defendants upon bonds issued by them for the respective parties. They each specifically denied all the allegations of the complaint. The defendants Farmers Elevator Company and G. W. Tarbet admitted, by not denying the allegation, that this company did take over the assets and assume the liabilities of the Ferdinand Rochdale Company, but denied other material allegations of the complaint, including the assignment by Riggs-Mikkelson Grain Company to the plaintiff.

Each and all of the defendants, as an affirmative defense, alleged that the Riggs-Mikkelson Grain Company was, at all times mentioned, and now is, a foreign corporation engaged in transacting and carrying on business in Idaho, contrary to, and without having complied with, the constitution and laws thereof; that the contract sued upon was made and to be performed in Idaho; that if any assignment was made by Riggs-Mikkelson Grain Company, it was made without payment of any valuable consideration, and for the purpose of avoiding the laws of the state relating to the maintenance of actions by foreign corporations.

The defendants Farmers Elevator Company and G. W. Tarbet alleged a further separate and affirmative defense, that the grain in controversy had been, by the Ferdinand Rochdale Company, in the manner therein alleged, sold to and shipped to and received by the Riggs-Mikkelson Grain Company.

The jury rendered a verdict for the defendants. Plaintiff's counsel immediately, without stating any grounds therefor, moved for a judgment notwithstanding the verdict; and the court, without stating any grounds except those recited in the judgment, immediately granted the motion, and made and entered a judgment in favor of the

plaintiff, which, after setting forth the verdict, recited, as its only ground for judgment *non obstante,* as follows:

"Thereupon, Fred E. Butler, attorney for plaintiff, immediately moved for judgment *non obstante veredicto,* in accordance with the prayer of plaintiff's complaint, and the proof adduced during the trial of said action; and, it appearing to the court that said verdict so rendered was contrary to the instructions given said jury, and the court being fully advised in the premises, granted said motion."

The appeal is from this judgment. Appellants assign as error that the court erred in entering judgment *non obstante veredicto,* and contend that a motion for, or entry of, judgment *non obstante,* is not recognized or permissible under our code practice, and in no event under the circumstances of this case.

In *Bow v. R. & N. Oil Gas Co.,* 43 Ida. 80, 251 Pac. 295, a motion for judgment for plaintiff notwithstanding the verdict for defendants, was made and denied. Plaintiff appealed. The original opinion directed a judgment for plaintiff against five of the defendants, and a new trial as to the remaining defendants. Upon rehearing, the opinion was modified to strike the order for judgment therefrom, and a new trial was granted as to all of the defendants. The propriety of the practice of entering a judgment notwithstanding the verdict was not in issue, raised or discussed.

In *Zilka v. Graham,* 26 Ida. 163, 141 Pac. 639, a motion was made by one of two defendants for judgment *non obstante,* and its denial claimed as error on appeal. This court simply ruled that, coming after the entry of judgment, the motion was too late. No point was made or decided as to the propriety of the practice.

In *Cady v. Keller,* 28 Ida. 368, 154 Pac. 629, motion for judgment *non obstante* was denied. This court simply decided that an order denying such motion was not an appealable order, under C. S., sec. 7149.

[1] It will thus be seen that no case has heretofore been presented to this court in which a judgment *non obstante* has

been rendered, nor in which the propriety of the practice of entering such a judgment, or its justification under our practice, has been argued or decided as a point in issue.

In jurisdictions having code provisions so similar to our own as to appear to give no reason for distinction, the common-law practice of entry of judgments *non obstante veredicto,* has been denied. (*Kirk v. Salt Lake City,* 32 Utah, 143, 89 Pac. 458, 12 L. R. A., N. S., 1021; *Southern Pacific L. Co. v. Dickerson,* 188 Cal. 113, 204 Pac. 576; *Best v. Beaudry,* 62 Mont. 485, 205 Pac. 239.) Since the decision in *Southern Pacific L. Co. v. Dickerson,* the code of California has been amended. (Cal. Stats. 1923, p. 749, sec. 1.)

We have, as in Utah, the same provisions which require that a judgment must be based upon something recognized by statute. Our provisions are almost identical as to grounds of dismissal or nonsuit (C. S., sec. 6830); for judgment on the merits in all other cases (C. S., sec. 6831); and for a court's decision in writing (C. S., sec. 6866) and findings of fact (C. S., sec. 6867); judgment in conformity with a verdict (C. S., sec. 6864); and as to general and special verdicts (C. S., secs. 6860, 6861); and for judgment on waiver of findings by default (C. S., sec. 6868) or consent (C. S., sec. 7302). The reasoning of *Southern Pacific L. Co. v. Dickerson, supra,* based upon California statutes similar to ours, is likewise well founded.

Those decisions and the construction placed upon similar code provisions are persuasive and sufficient to impel a decision that a judgment cannot be based upon a motion for judgment *non obstante,* and that when a trial has been had and verdict rendered, the court can relieve one from the verdict only by setting it aside on motion, or upon its own motion, and granting a new trial, which power, stated in the conjunctive (C. S., secs. 6888, 6893), necessarily implies that a new trial follows, and excludes any other power to vacate or in effect set aside a verdict by entering judgment contrary thereto.

It occurs, however, that further provisions in our code, at variance with the practice and procedure at common law, make it still more definite and certain that a motion for judgment *non obstante veredicto* is precluded thereby.

We cannot be guided by the consideration and propriety of a judgment *non obstante,* and the circumstances in which it may be entered in those jurisdictions allowing it, by any statutory provisions of such jurisdictions, but must deal with and arrive at our conclusions upon the practice as, and only as, permissible under the common-law practice, the continuation of which, if any, under C. S., sec. 9460, furnishes the only justification for the practice.

[2, 3] At common law, a judgment *non obstante* was only granted upon the record of the pleadings, and did not rest upon the sufficiency or insufficiency of evidence upon either side, was only granted on behalf of the plaintiff, and in a case where the defendant's answer admitted all the material allegations of the plaintiff's complaint, but pleaded new matter by way of defense or confession and avoidance. (*Slocum v. New York Life Ins. Co.,* 228 U. S. 364, Ann. Cas. 1914D, 1029, 33 Sup. Ct. 523, 57 L. ed. 879.) After a trial and verdict in favor of the defendant upon such new matter, it was within the province of the court to entertain a motion for a judgment notwithstanding the verdict, which was based upon a question of law (*Gwynne v. Burnell,* 6 Bing. (N. C.) 453, 37 E. C. L. R. 713, 133 Eng. Reprint, 175), not upon the evidence, that, admitting the matter pleaded by the defendant and a verdict in his behalf upon that question, such new matter in the answer was wholly insufficient to constitute a defense, and the pleading of it to which the motion went was insufficient for such purpose, and thus, notwithstanding a verdict in his favor upon that matter, the judgment should be for the plaintiff.

[4–6] At the common law, one whose demurrer was overruled had to stand upon it or withdraw it before he could answer; in other words, he could not both demur and answer. (2 Hughes on Procedure, p. 558.) Also,

new matter in an answer required further answer, a reply by plaintiff. Thus, a plaintiff who may have demurred to new matter in an answer must, in order to reply, withdraw or waive his demurrer. The practice gave him still another opportunity to raise the sufficiency of the defendant's plea of new matter, by motion for judgment *non obstante*. Its counterpart on behalf of the defendant was a motion in arrest of judgment. Such practice contemplated that the court could, upon such motion, again inquire into the sufficiency of the allegations of new matter in the defendant's answer.

[7–9] Our practice and code provisions are different. Here, one may demur and answer at the same time, or he may demur, and, if his demurrer be overruled, try out the case, and still save and raise on appeal any error in overruling the demurrer. Likewise, a plaintiff may demur to new matter in an answer, and, if the demurrer be overruled, the new matter is deemed denied, and the plaintiff, in case of a verdict for the defendant based upon this new matter, may test the sufficiency of defendant's allegations of new matter on appeal, assigning error in the overruling of his demurrer thereto. A motion for judgment *non obstante veredicto* is the equivalent of a motion for nonsuit as to defendant's affirmative matter, made after verdict, upon the ground that defendant's allegations in his answer are insufficient to constitute a defense. But, as a motion for nonsuit cannot be based upon the insufficiency of plaintiff's complaint (*Mole v. Payne,* 39 Ida. 247, 227 Pac. 23), by the same token neither should a motion for a directed verdict be permitted to be based upon the insufficiency of the allegations of any matter in the answer.

This practice is wholly foreign to, and, if not in explicit terms at least very apparently by implication, denied by, our code. C. S., sec. 9460, continues in effect only those rules of the common law not repugnant to or inconsistent with the provisions of the code.

If recognition of survival of the common-law practice as to judgments *non obstante* would carry with it recogni-

tion of motions in arrest of judgment, and we see no reason why it should not, it is significant that the legislature has made specific provision for motions in arrest of judgment in criminal cases (C. S., secs. 9019, 9254), and none in civil cases, but seems to have provided to the contrary.

We cannot escape the conclusion that, by the adoption of the code and its many provisions inconsistent with the practice of moving for a judgment *non obstante,* such practice is not proper or permissible thereunder.

Respondent contends that, notwithstanding the entry of judgment may have been irregular, there was no possible phase of the evidence upon which the defendants might recover a verdict, that a directed verdict would have been proper, and thus no possible injury could have been inflicted upon the defendants; and for this reason the judgment should be affirmed as error without prejudice.

[10, 11] It has been held that, upon appeal from a judgment *non obstante* erroneously entered, it is neither necessary nor proper to consider other assignments of error. (*Best v. Beaudry, supra.*) However, a slight consideration of them and of the evidence will demonstrate that the judgment cannot be affirmed as error without prejudice.

The court instructed the jury in effect that they might render a verdict for the defendants, and even submitted to them with the instructions a form therefor. (*Eades v. Trowbridge,* 143 Cal. 25, 76 Pac. 714.) It will readily be seen that the judgment of the court was based in effect upon its view of the evidence. It is in effect a finding adverse to defendants upon all the material issues alleged in the complaint and denied in the answer, and the affirmative matters set up as a defense, upon many of which there was material conflict in the evidence sufficient to entitle the parties to a jury trial. It would be needless to point out many of these instances.

The evidence that Farmers Elevator Company assumed the assets and liabilities of Ferdinand Rochdale Company was open to question as to its sufficiency as a mere conclusion of a witness, and as to the extent of such assump-

tion. The Farmers Elevator Company did not apparently receive the wheat, and its liability, if any, must rest upon some assumption thereof. (27 R. C. L., p. 954, sec. 8.) Depending upon the view taken of it, even the evidence of M. B. Mikkelson, on behalf of plaintiff, as to his dealings with Riggs-Mikkelson Grain Company, a corporation, and his dealings as an individual under that name, together with other evidence of the former shipment of the grain to the same named company, presented a conflict as to the identity of the corporation or firm at times vital to the issues as to whether it was unlawfully doing business in Idaho, had itself received the converted grain, or had assigned the claim; or, if liable itself for the conversion (38 Cyc., p. 2024), it or its assignee could, as the hand that was to receive as well as to pay, maintain an action for conversion. (38 Cyc., pp. 2042, 2079; *Duncan v. Cooper* (Sask.), 69 Dom. Law Rep. 435; *Gregg v. Wells,* 10 Ad. & E. 90, 113 Eng. Reprint, 35; 40 C. J., p. 649, "Merger"; 25 C. J., p. 230, "Extinguishment.")

This brief summary, not all-inclusive, of the issues and conflict of evidence, negatives the claim that a verdict could have been properly directed; and thus removes the case from the rule of those decisions that the error was without prejudice.

The court erred in rendering judgment for the plaintiff.

The judgment is reversed and the cause remanded, with instructions to enter judgment on the verdict for defendants. Costs to appellants.

Wm. E. Lee, C. J., and Givens, J., concur.

BUDGE, J., Dissenting.—While I do not understand the facts in this case to be entirely as stated in the majority opinion, whatever the facts may be, they become unimportant in view of the holding in the majority opinion.

The question passed on is one of practice. The jury rendered a verdict for the defendants, which was by the trial judge ordered to be entered, and was thereafter duly

filed.  Thereupon counsel for plaintiff moved for judgment notwithstanding the verdict.  The trial court, for reasons stated in the majority opinion and otherwise, as appear from the judgment, entered judgment for plaintiff notwithstanding the verdict of the jury for defendants.  This appeal is from the judgment, and among other errors assigned appellants predicate error upon the action of the court in entering judgment *non obstante veredicto*.

I am not in accord with the conclusions reached or the deductions made in the majority opinion as to the holdings of this court in the cases cited wherein questions involving this practice arose.  Upon at least four occasions when the question has been considered by this court, it has never been held that a motion for the entry of, or the entry of, such a judgment is foreign to our practice, in a proper case.  On the contrary, and by strongest inference, it has been held otherwise.

In *Zilka v. Graham,* 26 Ida. 163, 141 Pac. 639, it is said:

"It is a well-established rule that a motion to set aside a judgment and for a judgment *non obstante veredicto* comes too late if made after judgment is entered.  *Such motion must be made immediately after the verdict and before the judgment is entered.*"

Clearly, had the motion for judgment *non obstante veredicto* been made immediately after the verdict was rendered and before the entry of judgment, it would have been in time and not improper.

In *Bow v. R. & N. Oil Gas Co.,* 43 Ida. 80, 251 Pac. 295, the denial by the trial court of appellant's motion for judgment *non obstante veredicto* was assigned as error.  This court stated that it would examine the evidence for the purpose of determining whether or not the trial court erred in denying the motion, and held that such motion should have been granted as against certain of the defendants.  In that case the question was squarely passed upon and decided.  On petition for rehearing, it was found that the amount of the judgment might be collected from certain of the defendants, and the judgment was therefore reversed

as to all of the defendants and a new trial granted. The opinion on rehearing does not, however, retract the holding in the original opinion, that the trial court erred in not granting appellant's motion for judgment *non obstante veredicto.*

In *Cady v. Keller*, 28 Ida. 368, 154 Pac. 629, appellant moved for judgment notwithstanding the verdict, the court denied the motion and judgment was entered in favor of respondent. It was held on the appeal that:

"In the Idaho practice no provision is made for an appeal from an order denying a motion for judgment notwithstanding the verdict, and it is not, therefore, an appealable order."

The fact that it is not an appealable order is not tantamount to holding that it is not the proper practice, the inference being that such a motion might be reviewed in a bill of exceptions, on appeal from the judgment.

In *Smith v. Potlatch Lumber Co.*, 22 Ida. 782, 128 Pac. 546, after the return of the verdict a motion was made by the appellant "for an order granting to it a judgment in its favor and against the plaintiff herein, notwithstanding the verdict rendered in favor of said plaintiff." The motion was denied, and the action of the trial court assigned as error. Upon review, this court stated that the right of respondent to make the motion for judgment notwithstanding the verdict would be considered later on in the opinion. An examination of the opinion discloses that the question was not discussed, the court disposing of the case upon other grounds, but reaching the same result as if the trial court had sustained the motion for judgment *non obstante veredicto.*

In *Bowman v. Bohney*, 36 Ida. 162, 210 Pac. 135, at the close of the evidence the trial judge stated that he would entertain a motion for judgment on the evidence and the pleadings. Thereupon plaintiff's counsel made a motion that the case be taken from the jury and that plaintiff recover judgment on the pleadings and the evidence. The court granted the motion and directed the entry of judgment in

favor of plaintiff. In disposing of the point on appeal, the following language was used in the opinion:

" 'If, when the evidence on both sides is closed, plaintiff is entitled, as a matter of law, to a verdict, the proper practice is to request the court to direct a verdict in his favor; but to order judgment, instead of directing a verdict, is, at most an irregularity without prejudice, and no ground for a new trial.' (*Duluth Chamber of Commerce v. Knowlton,* 42 Minn. 299, 44 N. W. 2.)

"In this case, on the uncontradicted evidence, there was no question for the jury, and respondent was entitled to the judgment which was entered. The fact that this improper procedure was followed to arrive at the correct result does not justify reversing the judgment."

In the case just above referred to, after all the evidence was submitted, the court discharged the jury, for the reason that the plaintiff was entitled, as a matter of law, to a judgment in his favor, and the trial court entered that judgment. In the instant case the trial court permitted the jury to return a verdict, which was entered and filed, and then, being clearly of the opinion that plaintiff was entitled to a judgment, entertained a motion for judgment *non obstante veredicto,* and entered judgment in favor of plaintiff. Conceding that the procedure was irregular, the same result was reached as if the trial court had directed a verdict and entered judgment thereon, or discharged the jury and entered judgment for plaintiff, or set aside the verdict of the jury and entered judgment.

It is further held in *Bowman v. Bohney, supra,* that:

"On sustaining a motion for a directed verdict, the practice in some jurisdictions is to direct a verdict in favor of the moving party, and then enter judgment on the verdict. (38 Cyc. 1588, note 10.) In others the court discharges the jury and enters judgment for the party entitled thereto. (Ib., note 11.) We conclude that the former is the correct practice in this state, and the proper procedure in this case would have been for respondent to have made a motion for a directed verdict, for the court to have sustained the

same, and then entered judgment on the verdict, instead of discharging the jury, and order judgment entered without a verdict. . . . . 'but to order judgment, instead of directing a verdict, is, at most an irregularity without prejudice, and no ground for a new trial.' ''

In the case at bar, under the evidence, there was no question for the jury, and plaintiff was entitled to a judgment, as a matter of law. It was not, therefore, prejudicial error for the court, when all of the evidence on both sides was in, to enter the proper judgment; and the fact that the trial court did not direct a verdict or that it did not discharge the jury and enter a judgment, but entered judgment *non obstante veredicto,* while it may have been irregular, was not such error as would warrant a reversal of the judgment and the ordering of a new trial.

In *Exchange State Bank v. Taber,* 26 Ida. 723, 145 Pac. 1090, the question of the refusal of the trial court to grant plaintiff's motion for nonsuit at the conclusion of the introduction of testimony by defendant in support of his counterclaim, was discussed, and the opinion states that the serious question in the case was whether there was sufficient evidence to justify the trial court in submitting the case to the jury. After reciting what the evidence showed, the opinion holds:

''We think that it was the duty of the court, after all of the testimony had been submitted, to have taken the case from the jury and directed that judgment be entered for the appellant (plaintiff). Where a party is entitled to have a verdict directed in his favor at the close of the evidence, and the case is reversed on his appeal, a new trial will not be granted. The case should be reversed with instructions for judgment to be entered in his favor.''

C. S., sec. 6728, provides:

''The court must, in every stage of an action, disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the parties and no judgment shall be reversed or affected by reason of such error or defect.''

The fact that improper procedure may have been followed to arrive at the correct result in the instant case, under the above statutory provision it would not justify reversing the judgment. For a collection of cases under this statute, see Clark's Idaho Digest, Harmless and Reversible Error, subd. E, p. 131.

So long as the majority opinion is the law of this jurisdiction, no situation could arise that would authorize the trial court to enter judgment *non obstante veredicto*. In such circumstances, however meritorious and in keeping with the administration of justice, no relief could be afforded to the party moving for judgment *non obstante veredicto;* but, as in the instant case, the party moving therefor, although entitled to judgment as a matter of law, must, by reason of an irregularity in procedure, be denied relief. Such a situation arose in the state of California, whereupon the legislature of that state, by amendment to its Code of Civil Procedure (sec. 629) in 1923, expressly authorized such practice. In some jurisdictions the practice is upheld in the absence of statute, in others, expressly provided for by statute. There are jurisdictions wherein it is held that a motion for judgment *non obstante veredicto* is directed to the pleadings only, and in others it is directed both to the pleadings and the evidence, or the evidence alone. The views herein expressed may be the means of calling to the attention of the bar the advisability of providing for such practice by statute.

I am thoroughly convinced that the ends of justice demanded that the instant case be decided upon its merits, and I cannot bring myself in accord with the disposition of the case upon an irregularity in procedure which cannot affect the substantial rights of the parties. The error committed by the trial court was at most technical and should, therefore, be disregarded, both under the statute cited *supra* and the numerous authorities to which attention is directed.

T. Bailey Lee, J., concurs.